IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

---

### NORTHERN DISTRICT—SUNBURY 1866.

---

## Waldron *versus* Waldron.[1]

1. When an issue to try facts in divorce is asked it is proper for the court to direct the form of the issues and to require the other party to join in them. All that is necessary is that those adopted give the party a full and fair opportunity to prove all the facts of his case.

2. A trial may be had on the issue formed by the libel and answer; but notice of special facts intended to be given in evidence may be required by either party. It is better issues should be special at first.

3. It is the duty of the court to make a proper allowance to the wife, if she be not of sufficient ability, having regard to the ability of the husband: but this is entirely within the discretion of the court and is not the subject of review.

4. So of ordering a case to trial against the objection that the allowance has not been paid. The remedy for this is by attachment.

January 30th 1867. Before Woodward, C. J., Thompson, Read and Agnew, JJ. Strong, J., at Nisi Prius.

Appeal from the decree of the Court of Common Pleas of *Northumberland county*.

This was a libel for divorce by David Waldron against Jane Waldron, presented June 12th 1862, to Hon. Alexander Jordan, President Judge of the Court of Common Pleas of Northumberland county.

The libel alleged wilful and malicious desertion by the wife.

On the 23d of July the respondent filed an answer, denying that she had deserted her husband, &c., and averring that his conduct was such as to render her condition intolerable, and life burden-

---

[1] This and the following four cases of the Northern District were argued at Philadelphia.

[Waldron *v.* Waldron.]

some ; that she left home on a temporary visit to her mother, and offered to libellant to live with him if he would treat her as a husband should, but that he refused, &c.

On the 11th of August 1862 the libellant asked " that a jury may be called to inquire thereto, according to the form of the several Acts of Assembly in this behalf made and provided."

On the 9th of November 1863 the court allowed the respondent $180 for her maintenance, expenses, &c., and on the 11th of August 1864 decreed the payment of the amount already ordered, and also the further sum of $6 weekly from the date of the former order to the fourth Monday of October then next.

On the 8th of August the case was continued on the ground of the non-payment of the alimony, and the court ordered " the facts affirmed by one and denied by the other to be tried by a jury."

On the 14th of November a rule was granted on the respondent to join in the issues by the first day of the next term.

On the 11th of March 1866 a feigned issue was filed.

The facts to be ascertained as set out in the declaration were : in 1st count, wilful and malicious desertion by the wife ; in 2d count, the malicious desertion by the husband ; in 3d count, the conduct of the husband, rendering the wife's condition intolerable, &c. ; in 4th count, the wife going on a temporary visit to her mother and offering to return and live with her husband, and his refusal, &c.

On the 15th of March the court, at the instance of the libellant's counsel, withdrew the order of August 8th, appointed a commissioner to take testimony, and further ordered that the alimony directed to be paid be suspended.

Afterwards the respondent presented a petition to the court, setting out the proceedings as they appeared of record in the case, and further :—

" As to the trial by jury, respondent respectfully demands the same, and says, that notwithstanding the withdrawal of the honorable court's order, she is to said trial entitled upon the issues as joined.

" The respondent, as to her non-joinder in the proposed new issues, says, she was advised by her counsel that said issues are not conformable to Pennsylvania practice ; that, taken as a whole, they were unfair, as tending to distract the judgment and attention of a jury, and, especially, of tending to deprive her of defences admissible under former issues ; and that the *fourth* of said proposed issues is manifestly deceptive and unfair." * * *

" The respondent prays that all proceedings before the commissioner be declared null, that his appointment be vacated, that the order suspending payment of alimony be also vacated, a new order for increased alimony granted, and that a rule be granted

[Waldron *v.* Waldron.]

against said libellant, to show cause why an attachment for non-payment thereof should not be granted."

On the 14th of August 1865 the prayers of the petition were refused, and the respondent ordered to reply to the issues filed: to which order she excepted.

The joinder in the issue was signed August 16th 1865: "Jane Waldron, by her attorneys, McIntyre & Packer, in obedience to the order of the court of August 14th 1865, and under exception taken to said order."

The case was then ordered to be placed on the trial list.

On the 8th of November 1865 the libellant presented another petition, setting forth that as a prerequisite to the trial she was entitled to payment of a sufficient sum for her expenses, &c., and the weekly allowance ordered her, which is unpaid, &c., and prayed "that the order suspending the payment of alimony be rescinded, and that the honorable court decree that the payment described in the preceding paragraph be forthwith and prior to trial paid to the respondent. All said several moneys incurred or to be incurred being indispensable and necessary for her defence in the suit hereinbefore entitled."

The court fixed a day for hearing the petition, but nothing further with regard to it appears on the record.

A trial having been ordered on the 15th of November 1865, the jury found for the libellant on all the issues, and on the 17th the court decreed that the libellant "be and is hereby divorced and for ever separated from the nuptial ties or bonds of matrimony with Jane Waldron, the respondent. And the said marriage is hereby ordered, adjudged and decreed to be wholly null and void, and all and every the duties, rights and claims accruing to either of the said parties in pursuance of the said marriage shall and do cease and determine."

The respondent appealed to the Supreme Court, and assigned for error, that the court erred—

1. In discarding the original issues, and withdrawing its order for the trial thereof.

2. In ordering the respondents to join in the four feigned issues framed by libellant's attorney.

3. In ordering the respondent to join in the four feigned issues framed by libellant's attorney as amended by the court.

4. In suspending the payment of alimony.

5. In not allowing the payment of alimony for the eight months computed from March 15th 1865 to November 15th 1865.

6. In not allowing the respondent the necessary expenses for viaticum and conduct-money incident to the contemplated trial in November 1865.

7. In not allowing the necessary fees for counsel incident to said trial.

[Waldron *v.* Waldron.]

8. In compelling the trial notwithstanding the non-payment of the alimony, expenses and fees referred to in the 5th, 6th and 7th specifications.

*J. McIntyre* and *J. B. Packer*, for appellant, cited Butler *v.* Butler, 1 Pars. 334; Cattison *v.* Cattison, 10 Harris 276; Breinig *v.* Breinig, 2 Casey 161; Groves's Appeal, 1 Wright 445; Eshbach *v.* Eshbach, 11 Harris 343; Allison *v.* Allison, 10 Wright 321; Proctor's Pr. p. 50; Clerk's Assistant, ch. 27, § 25, &c.; Bird *v.* Bird, 1 Lee's R. 209; Wilson *v.* Wilson, 2 Hag. C. R. 204; Portsmouth *v.* Portsmouth, 3 Addams 63; Bruere *v.* Bruere, 1 Curteis's Ecc. R. 566; Ormsby *v.* Ormsby, 1 Phila. R. 578; Graves *v.* Cole, 7 Harris 173; Kline *v.* Kline, 1 Phila. R. 3; Melizet *v.* Melizet, 1 Pars. 78; Robinson *v.* Robinson, 2 Lee's R. 593; Bird *v.* Bird, 1 Lee 418; Brightly's Dig. 348, note *d*; 3 Ch. Gen. Pr. 833; 2 Id. 98; 4 Id. 223; 1 Crompton's Pr. 244, ed. A. D. 1786; Moorehead's Ky. Pr. 207; Tidd's Pr. 807, by Fish; Hard *v.* Swan, 4 Denio 78; Forms of Ecc. Law (By-Law) p. 207; Ex parte Beebe, 2 Wall. Jr. 127.

*G. Hill* and *J. W. Comly*, for appellee, cited Act of 13th of March 1815, § 2, Purd. 347, pl. 12, 6 Sm. L. 287; Andrews *v.* Andrews, 5 S. & R. 374; Allen *v.* Maclellan, 2 Jones 332; Breinig *v.* Breinig, 2 Casey 164, 165; Bishop on Divorce, § 572; Furst *v.* Furst, Poynter, Mar. & Div. 260, note; Davis *v.* Davis, Id. 261, note; Bartlet *v.* Bartlet, 1 Clarke 460.

The opinion of the court was delivered by

THOMPSON, J.—When an issue to try the facts asserted and denied in the libel and answer was prayed by the libellant, it was certainly proper for the court to direct the form of the issue or issues, and to require the other party to join therein. We think those adopted were well suited to the facts alleged and denied, and such as the respondent could not refuse to join in.

It was not for her to determine that the bill and answer formed a proper issue, and it is enough for us to know that those adopted gave her a fair and full opportunity to prove all the facts of her case. No doubt a trial before a jury might be had on the issue framed by the libel and answer, but in such case notice of special matter intended to be given in evidence might be required by either party.

It is much better, however, that the issues should be special at first. That the issue is to be something other than that resulting from the libel and answer, is implied by the act itself. The facts that will constitute the matter in dispute cannot be known until the answer to the libel is in, " then if either party," says the act,

[Waldron *v.* Waldron.]

" shall desire any matter of fact that is affirmed by one and denied by the other, to be tried by a jury, an issue shall be framed so that the same shall be tried accordingly." The act does not say that the parties shall, on request for a trial by jury, proceed to try on the issue made by the libel and answer. We need not enlarge on this, for we think it is too plain to admit of doubt that no error was committed in ordering the issues as they appear, and in requiring the respondent to join in them.

It would be a somewhat singular practice to reverse a decree in divorce, after a verdict of a jury, for a matter entirely collateral to the issue, such as " an alleged insufficiency of an allowance of alimony *ad litem.*" It is undoubtedly the duty of the court to make a proper allowance to the wife, if she be not herself of sufficient ability, to enable her to maintain or defend her suit, having regard to the ability of her husband ; and it never fails to do so.

But this is entirely within the discretion of the court, both as to amount and duration, and not subject to review. And so is the act of ordering the case for trial, against the objection that the allowance has not been paid. The remedy for a failure in this particular is by attachment. The aggrieved party must always address him or herself to the appropriate remedy, if they expect to be aided by courts. The complaint that the court suspended the allowance ordered, *pendente lite,* on the 15th of March 1865, is a matter we cannot notice on error. It has no foundation in fact, however. No order existed at the time for an allowance. The period had elapsed, embraced by the former order, and the amount paid ; but not adverting to this, the court declared the allowance suspended, being of opinion that no further sum ought to be required to be paid by the libellant, owing to the delays and backwardness of the respondent to join issue and go to trial. We think the court was right in its conclusion as to this ; but if we did not think so, we are of opinion it was so much a matter in the discretion of the court, that we could not correct it.

Seeing nothing to impeach the proceedings, the decree is affirmed at the costs of the appellant.