## Josiah P. Fernald, Appellant, v. Euphemia A. Fernald.

*Divorce—Wife's costs as libellee—Discretion of court—Appellate review of discretion.*

The appellate court will not disturb the exercise of the discretion of the common pleas which allowed the wife, libellee in a divorce suit, her traveling expenses in coming from a foreign state to testify at a trial where the libellant suffered a voluntary nonsuit.

The merits of the main issue cannot be considered under such an application.

The question whether it is in the power of the court to review the action of the court below in such an application not considered, it being clear that the appellate court will not reverse except for plain abuse of discretion.

Argued Oct. 12, 1897. Appeal, No. 88, Oct. T., 1897, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1896, No. 64, making absolute defendant's rule for expenses of litigation. Before Rice, P. J., Wickham, Beaver, Reeder, Smith and Porter, JJ. Affirmed.

Rule to allow respondent expenses of litigation in divorce proceedings.

The following facts appear from the record:

The husband's libel, filed February 1, 1896, charged desertion from their common residence in Philadelphia, on December 14, 1893, to Pensacola, Florida. Respondent's answer denied the desertion, but admitted her continuous residence in Pensacola, from 1894, and libellant's uninterrupted residence in Philadelphia. On the day of trial an application for a continuance was made by libellant because of the absence of his senior counsel, due to admittedly serious illness in his family. The application was successfully resisted by respondent, and libellant suffered a nonsuit and paid the costs. A counsel fee of $100 had previously been paid by him.

Subsequently respondent then presented a petition for the above order of $125 for traveling expenses. The evidence showed that she had created a trust in her own favor of four valuable properties, three of them received from libellant, and that she also received from him $1,200 annually for the support

630　　　　　　　FERNALD *v.* FERNALD.

Statement of Facts—Opinion of the Court.　[5 Pa. Superior Ct.

of their two minor children. Her expenses were not shown. The right to cross-examine her for the purpose of showing her expenses and manual condition was demanded by libellant and refused. She was then out of the state, and could not be subpœnaed. The court also declined to order her appearance, and in this form the cause was argued before the court.

The court made absolute the rule for payment of $125 for traveling expenses and the like. Libellant appealed.

*Errors assigned* were (1) Making absolute the rule for payment by libellant to respondent of "her expenses for traveling and the like, amounting to $125." (2) In refusing to order respondent to submit to cross-examination by libellant for the purpose of showing what her assets were, where she got the various properties from, what she had done with the money received for her children, what other assets she had excepting those already mentioned by Mr. Gest, and what her annual expenditures were.

*Francis S. Laws* and *John F. Lewis*, for appellant.

*Hazard Dickson*, for appellee.—Only the record is before the court for its consideration : Bank v. Earley, 113 Pa. 476.

The affidavits or depositions on which the order is made are no part of the record : Brown v. Ridgway, 10 Pa. 42.

The power exercised in this class of cases is necessarily a discretionary one and cannot be supervised by this court: Holland v. White, 120 Pa. 228 ; Felts v. Railroad, 160 Pa. 503.

OPINION BY RICE, P. J., November 8, 1897 :

This is an appeal from an order directing the libellant to pay to the libellee her traveling expenses incurred in coming from her home in a distant state to be present at the trial of the issue before a jury. When the case came on to be tried the libellant moved for a continuance, but this was refused, and he then suffered a voluntary nonsuit. In answer to the suggestion of his counsel that she was not entitled to the allowance because she voluntarily chose to take up her residence in Florida, instead of in Philadelphia with her husband, it seems sufficient to say that the merits of their contention are not before us.. They

.would have been determined by the proper tribunal if he had seen fit to go to trial. She alleged in her answer, however, that he first deserted her. If that be true (and this was one of the questions to be tried) it cannot be said that her conduct in going to her father's home in Florida was extraordinary. In choosing that as her home, she was exercising her undoubted right, if her answer be true, and the expenses of coming from her home to be present at the trial were necessarily incurred in defending the suit. We have no doubt that it is within the discretionary power of the court, in a proper case, to direct the libellant to pay such expenses.

An application for an order of this nature is addressed to the sound discretion of the court having jurisdiction of the cause, and in the exercise of this discretion regard is to be had to the husband's ability and the wife's necessity. No question is raised as to his ability; and as he was called as a witness and did not deny it, and as he is able to pay annually $600 each for the support of his two children it may fairly be taken for granted. But it is said that there is no sufficient proof of her destitution. The testimony shows that she has an income of about $500 a year from her separate property; and her husband, while not admitting that she has no other property, admits that he does not know of her having any other. This, then, may fairly be taken as the sum which she had for her support. Surely it cannot be said, under the circumstances, that there was an abuse of discretion in not compelling her to take one fourth of it to pay the expenses of unsuccessful litigation that her husband forced upon her. " It is undoubtedly the duty of the court to make a proper allowance to the wife, if she be not herself of sufficient ability, to enable her to maintain or defend her suit, having regard to the ability of her husband; and it never fails to do so:" Waldron v. Waldron, 55 Pa. 231. Want of sufficient ability to pay the expenses does not imply absolute destitution, and dependence upon the charity of others for support.

There are several good reasons why the second and third assignments of error cannot be sustained. First, the law does not require a party to be present at the taking of depositions in his behalf, in order that he may be cross-examined by the other party. Second, it would have been unreasonable in the present-

case to compel the libellee to come on from Florida for that purpose at an additional expense equal to the first. Third, if the libellant desired to take her testimony, the ordinary methods of obtaining it were open to him. Fourth, the record does not show that the court was asked to compel her attendance; the demand written out in the libellee's depositions was not addressed to the court, and is no part of the record.

We have not found it necessary to express an opinion upon the question of our power to review the action of the court in such a case upon its merits. This much is clear, that the appellate court will not reverse except for plain abuse of discretion, and nothing approaching that appears in this case.

Order affirmed and appeal dismissed at the costs of the appellant.