# Mrs. Mary J. Richardson, by her next friend, A. B. Moore, v. G. B. Richardson, Appellant.

*Appeals—Interlocutory order—Divorce—Demurrer.*

An order of the court of common pleas overruling a demurrer to a libel in divorce and granting the libellant leave to amend, is an interlocutory order from which no appeal lies.

*Appeals—Appeals for delay—Penalty under act of May 19, 1897.*

The penalty provided by the Act of May 19, 1897, P. L. 72, for suing out appeals merely for delay, will be imposed where an appeal has been taken from an interlocutory order overruling a demurrer for libel in divorce, and granting libellant leave to amend.

Argued Oct. 9, 1899. Appeal, No. 12, Oct. T., 1899, by G. B. Richardson, from decree of C. P. Westmoreland Co., Feb. T., 1898, No. 556, overruling demurrer to libel in divorce. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Appeal quashed.

Libel in divorce. Before McCONNELL, J.

*Errors assigned* were (1) in not sustaining demurrer; (2) in allowing libellant to amend.

*George S. Rumbaugh,* for appellant.—The act of 1815 provides that the injured party shall exhibit his or her petition to the judges of the court of common pleas of the proper county, where the injured party resides. The jurisdiction of the court therefore depends upon the residence of the petitioner. The residence of the petitioner must appear on the face of the record, or the court has no jurisdiction of the case: Gould v. Gould, 3 Pa. Dist. Rep. 656; Johnson v. Johnson, 3 Pa. Dist. Rep. 166; Smith v. Smith, 1 Pa. Dist. Rep. 550; Sherwood's Appeal, 17

W. N. C. 338; Weichel v. Weichel, 15 Pa. C. C. R. 601; Thompson v. Thompson, 2 Pa. C. C. R. 573; Powell v. Powell, 3 Del. 206.

It requires no argument to show that the court had no jurisdiction of this case, for it clearly appears by an inspection of the petition that the residence of the libellant is not set forth therein.

When a jurisdictional fact does not appear on the face of the bill of complaint, the court can take no valid step: 5 Am. & Eng. Ency. of Law, p. 777.

This is not an interlocutory decree. No valid decree of divorce could be decreed by the court, as the record is fatally defective. The subpœna, al subpœna, and plu subpœna, having been issued by the court before the court obtained jurisdiction of the cause, are of no more effect than if they had been issued by a justice of the peace. It would be useless to compel us to proceed to a final hearing upon such a record, as no matter what the result would be it would have to be set aside as of no effect, for the reason that the court had no jurisdiction of the case.

*Edward E. Robbins* and *John E. Kunkle*, for appellee, were not heard, but in their printed brief said: Appeals in divorce cases are regulated by the Act of March 13, 1815, 6 Smith's Laws, 286, sec. 13, and an Act of June 11, 1891, P. L. 295, by which it is provided: "Either of the parties in any suit or action for divorce now pending or that shall hereafter be brought, after final sentence or decree, may appeal therefrom to the Supreme Court of the proper district." Thus it will be seen that an appeal lies to this Court only from the "final sentence or decree:" McManus's Appeal, 5 Pa. Superior Ct. 70; Market Co. v. R. R. Co., 142 Pa. 580; Slocum's Appeal, 12 W. N. C. 84; In re Frankford & Oxford Turnpike Road, 21 W. N. C. 346.

This appeal is merely for delay: O'Donnell v. Broad, 149 Pa. 24; Wolf v. Traction Co., 181 Pa. 404; Pennypacker v. Dear, 166 Pa. 284; Bachman v. Gross, 150 Pa. 516.

The Court is respectfully moved to impose the penalty provided by the Act of May 25, 1875, P. L. 227, upon the appellant in this case for the reason that, from an inspection of the record as exhibited in appellant's paper-book, this appeal has been sued out merely for delay and for no other reason.

PER CURIAM, October 23, 1899:

The orders of the court below overruling the demurrer to the libel, and granting the libellant leave to amend, etc., are the only subjects of complaint in the specifications of error before us. Those orders are merely interlocutory; neither of them is in any proper sense a "final sentence or decree," from which alone an appeal lies to this Court. The appeal was therefore unauthorized, and the same is accordingly quashed at appellant's costs.

The result of the appeal has been an unnecessary and vexatious delay of nearly a year in prosecuting the case to a final decree. We think the undisputed facts bring the case within the mischief intended to be remedied by the recent Act of May 19, 1897, P. L. 72, authorizing the imposition of penalties for suing out appeals merely for delay.

It is therefore ordered, on motion of appellee's attorney, that as further costs an attorney's fee of $25.00 be awarded against the appellant.