## Adams, Appellant, *v.* Adams.

*Divorce—Alimony—Counsel fees—Allowance.*

The allowance to be made for expenses, counsel fees and alimony in divorce proceedings, is a matter for the discretion of the court, and the appellate courts will not reverse, in the absence of proof of the abuse of such discretion.

*Practice, C. P.—Divorce—Answer—Libellous matter—Suppression.*

An answer to a rule for an increase of alimony, which contains scandalous, impertinent and immaterial matter attacking attorneys not parties to the cause, will be stricken from the record. Ordinarily the court will only order the parts which offend to be stricken from the record, but where almost the entire answer is given over to improper statements, involving the character of numerous persons and the scandalous matter is set forth at great length, the court is entirely within its discretion when it suppresses the answer in its entirety. The records of the court are not to be converted into machinery for circulation of slander.

Argued April 13, 1920. Appeal, No. 34, April T., 1920, by libellant, from judgment of C. P. Jefferson County, April T., 1917, No. 102, suppressing and striking from the records the answer to respondent's rule for an increase of alimony pendente lite and further counsel fees in the case of W. B. Adams v. Fannie M. Adams. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

502, (1920).] Statement of Facts—Opinion of the Court.

Rule to show cause why answer to motion for alimony pendente lite and further counsel fees should not be stricken off. Before CORBET, P. J.

The court made absolute the rule to strike from the record libellant's answer and also entered the following decree:

And now, May 26, 1919, after full hearing and due consideration this rule to show cause is made absolute, and it is ordered, adjudged and decreed, that the amount the libellant, W. B. Adams, is to pay the respondent, Fannie M. Adams, for her support and maintenance under the order of June 7, 1917, be, and the same is hereby increased from $7.50 to $10 per week, and that for the purpose mentioned, the said W. B. Adams pay to the said Fannie M. Adams the said $10 per week from April 8, 1918, to February 4, 1919, and is further ordered, adjudged and decreed that the said W. B. Adams pay to the said Fannie M. Adams the further sum of $200 for counsel fees and expense in this suit.

*Error assigned* was the order of the court.

*W. L. McCracken,* for appellant.

*J. U. Gillespie,* of *Gillespie & Gillespie,* and with him *Raymond E. Brown* and *Jacob L. Fisher,* for appellee.

OPINION BY TREXLER, J., July 14, 1920:

This was a suit in divorce. Upon a petition to increase the alimony and to award additional counsel fees, a rule was granted upon the libellant and he filed an answer thereto. The court ordered the answer be suppressed and stricken from the record. The reasons alleged for the suppression of the answer, and which the court by its order adopted were "that it contains scandalous, impertinent and immaterial matter and an unwarranted attack upon attorneys who are not parties to the case." We will not refer to any specific statements

made in the answer. It is sufficient for present purposes to say that the court was clearly right in declining to recognize it. "The records of the court are not to be converted into a machinery for circulation of slander": Riddle v. Stevens, 2 S. & R. 537 (542). Ordinarily the court will only order the parts that offend to be stricken from the record, but in this case, almost the entire answer is given over to improper statements involving the character of numerous persons. The scandalous matter is set forth at great length and the part which is relevant is so small that in its wise discretion, the court properly suppressed the answer in its entirety.

The course open to the libellant was to ask leave to file another answer. Instead of this, further publicity is given to the offensive statement, by an appeal to this court, and in the argument we are asked to accept as verity the allegations made by the libellant because no reply was made to the answer which the court suppressed. There were depositions taken in support of the answer. They were of the same character as the answer and were not pertinent to the question as to what was the proper amount to award to the respondent as alimony and counsel fees. Numerous exceptions were filed to the depositions and the court properly sustained the exceptions.

The original order of the court allowed the respondent $7.50. This was increased to $10. There was also allowed counsel fee of $200. The original order of the court was apparently provisional "until further order of the court." As the depositions taken in support of the first order are not printed, we cannot satisfactorily pass upon the question presented. The facts set forth in the petition would indicate that there was no abuse of discretion in the court's order. The whole record is not before us. The presumption is that the court exercised a correct judgment. The matter was within the sound discretion of the court: Waldron v. Waldron, 55 Pa.

231; and will not be reversed except for the plain abuse of discretion, Lynn v. Lynn, 68 Pa. Superior Ct. 324.

We have carefully examined the docket entries and abstract of proceedings and have come to the conclusion that the total amount allowed to counsel of the respondent to wit: $325 is not excessive.

Order affirmed. Appellant for costs.