# Murray, Appellant, *v.* Murray.

*Divorce—Alimony pendente lite—Interlocutory order—Appeals.*
No appeal lies from an order refusing to allow counsel fees and alimony pendente lite. Such an order is in no sense final and is wholly interlocutory. It can be excepted to, but cannot be reviewed until a final decree has been entered in the divorce proceedings and the appeal is properly before the Superior Court.

Argued March 7, 1922. Appeal, No. 42, March T., 1922, by plaintiff, from order of C. P. Luzerne Co., July T., 1921, No. 228, discharging rule to show cause why de-

fendant should not pay alimony pendente lite and counsel fees in the case of Mary R. Murray v. Michael J. Murray. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Appeal quashed.

Rule for alimony and counsel fees pendente lite. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*R. B. Alexander,* for appellant.

*E. J. Moore,* for appellee.

OPINION BY KELLER, J., April 17, 1922:

Appellant filed a libel in divorce a vinculo matrimonii on the ground of desertion under the provisions of the Acts of March 13, 1815, 6 Sm. L. 286, and June 20, 1893, P. L. 471. She appeals from the order of the court refusing to allow her counsel fees and alimony pendente lite.

Without passing on the merits of the case, we are of opinion that her appeal is premature. Section 13 of the Act of 1815, supra, provides: "Either of the parties in any suit or action now depending, or that shall hereafter be brought under this act, after the final sentence or decree given, may appeal therefrom to the Supreme Court of the proper district," etc. The Act of June 11, 1891, P. L. 295, allowing and providing the manner of taking appeals in cases of divorce reënacts almost the identical language quoted above from the Act of 1815. Under these acts no appeal lies from an interlocutory order: Richardson v. Richardson, 193 Pa. 279. The Act of May 5, 1899, P. L. 248, section 7, provides that appeals in proceedings for divorce shall be taken to the

443, (1922).]          Opinion of the Court.

Superior Court, but this does not enlarge the right of appeal or authorize appeals from interlocutory orders or decrees: Tobin v. Tobin, 32 Pa. Superior Ct. 186; Walsh v. Walsh, 61 Pa. Superior Ct. 620. It is true that in Lynn v. Lynn, 68 Pa. Superior Ct. 324, this court reviewed an order making absolute a rule for alimony, expenses, and counsel fees, but as was pointed out in the opinion, "In so far as the money to be paid under such an order is involved, the order is final; if the respondent pays it he can never recover it back." p. 327. This language does not apply to an order refusing counsel fees and alimony pendente lite or allowing an amount unsatisfactory to the wife. Such an order is in no sense final; it can be excepted to but cannot be reviewed until a final decree has been entered in the divorce proceedings and the appeal is properly before this court. This was the course pursued in Waldron v. Waldron, 55 Pa. 231; Powers' App., 120 Pa. 320; Bay's App., 3 Sadler 66; Biddle v. Biddle (No. 2), 50 Pa. Superior Ct. 43; Rieder v. Rieder, 21 Pa. Superior Ct. 488, 489; Neagley v. Neagley, 59 Pa. Superior Ct. 565.

We are of opinion that the order appealed from is wholly interlocutory; that no statutory authority exists for the appeal at this stage of the proceedings, and it is accordingly quashed at the costs of the appellant.