## Murray, Appellant, *v.* Murray (No. 1).

*Divorce—Alimony and counsel fees pendente lite—Discharge of rule—Discretion of court.*

An application for an order for alimony and counsel fees is addressed to the discretion of the court, having jurisdiction of the cause, and in the exercise of this discretion regard is to be had to the husband's ability to pay and the wife's necessity.

The opinion of the trial judge that the libellant would fail in her suit was not sufficient reason to discharge a rule for such alimony and counsel fees, and the entry of such an order was not exercise of the sound discretion of the court.

Argued March 6, 1923. Appeal, No. 33, March T., 1922, by libellant, from order of C. P. Luzerne County, July T., 1921, No. 228, discharging rule to show cause why respondent should not pay alimony and counsel fees pendente lite in the case of Mary R. Murray v. Michael J. Murray. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule for alimony and counsel fees pendente lite. Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court and in the former decision upon the same case, 78 Pa. Superior Ct. 443. See also the case next following.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*R. B. Alexander,* for appellant.—It was the duty of the court to make a proper allowance to the libellant to maintain her action: Lynn v. Lynn, 68 Pa. Superior Ct. 324; Waldron v. Waldron, 55 Pa. 231.

*W. A. Valentine,* and with him *E. J. Moore,* for appellee.

OPINION BY TREXLER, J., April 18, 1923:

This is an appeal from an order discharging a rule for alimony and counsel fees pendente lite. The matter was before us in Murray v. Murray, 78 Pa. Superior Ct. 443, and we there held that the appeal, for the reasons therein stated, was premature and no review could be had of it until the final decree granting or refusing the divorce had been entered.

"In Breinig v. Breinig, 26 Pa. 161, it was said by BLACK, J., 'it has been the uniform practice to allow a wife destitute of a separate estate, who is either suing or defending a cause of divorce, such reasonable sum as will enable her to carry it on'": Powers' App., 120 Pa. 320. The lower court discharged the rule for the reason that the libellant had no grounds for a divorce and that it would be "a plain perversion of the process of the courts for her to seek a divorce, and it would be a gross injustice to compel him to pay alimony and counsel fees pending a decree in such a case." The event proved that the learned judge was mistaken, for the wife secured a divorce. This court said in Fernald v. Fernald, 5 Pa. Superior Ct. 629, "An application for an order of this nature is addressed to the sound discretion of the court having jurisdiction of the cause, and in the exercise of this discretion regard is to be had to the husband's ability and the wife's necessity." We do not think the judge's mistaken idea that the libellant would fail in her suit was sufficient reason to discharge the rule, and the entry of the order was not an exercise of the sound discretion of the court. However, in view of the fact

573, (1923).]  Opinion of the Court.

that before the desertion, the husband gave the wife considerable money, we are not disposed to fix the allowance at any large sum.

The order of the lower court is reversed and the rule is made absolute and it is now ordered that the respondent pay to the libellant the sum of $150 as the proper allowance for counsel fees and expenses in this litigation. Appellee to pay the costs.