## Roughsedge v. Roughsedge

*Thomas M. Lewis*, for libellant.
*R. L. Coughlin*, for respondent.

VALENTINE, P. J., June 20, 1944.—This is a divorce proceeding in which libellant seeks a divorce a mensa et thoro.

The matter is now before us upon the application of libellant for an order directing respondent to pay alimony pendente lite, counsel fees and expenses.

The libel was filed June 4, 1943, and alleges indignities to the person. It asserts that the parties were married May 1, 1927. No answer has been filed to the libel.

The present rule was procured August 31, 1943. No answer was filed by respondent to the petition upon which it is based until May 24, 1944, on which date an answer was filed wherein respondent denied that libellant was his wife.

On the hearing of the present application libellant testified to a set of facts which, if true, established a valid common-law marriage, unless respondent was disqualified from entering into such a marriage.

Libellant testified that respondent represented to her that his wife was dead. Neither this testimony nor that of libellant, as to the entering into a contract of marriage, was denied. If her testimony is true and respondent was disqualified from entering into a marriage contract, she is an innocent and injured party.

Respondent offered in evidence the marriage license docket, showing that on April 11, 1921, a marriage license had been issued to Fred L. Roughsedge and Louise C. Price. No return showing the performance of a marriage ceremony was produced.

Respondent's sister testified that she knew respondent's wife, Louise Price Roughsedge, and that she had seen her in the City of Washington in 1937 and 1938.

The respondent's contention is that the alleged marriage contract to which libellant testified is void in the absence of proof of the dissolution of his marriage with Louise Price prior to the time of the alleged marriage contract with libellant; that the presumption is that the marriage relationship with Louise Price Roughsedge continues and that hence the alleged marriage contract with libellant is invalid. We do not think that this question is now before us.

In Smith v. Smith, 43 Pa. C. C. 451, it was held that:

"Alimony and counsel fees will be allowed a wife in divorce proceedings, where it appears that the parties went through a form of marriage and lived together as husband and wife, but that the respondent was incapable of entering into the contract of marriage because he had a wife living at the time, to whom he had been previously married, and from whom he had not been divorced" (syllabus).

In Murray v. Murray (No. 1), 80 Pa. Superior Ct. 573, it was held:

"The opinion of the trial judge that the libellant would fail in her suit was not sufficient reason to discharge a rule for such alimony and counsel fees, and the entry of such an order was not exercise of the sound discretion of the court" (syllabus).

The amending Act of May 25, 1933, P. L. 1020, 23 PS §46, authorizes the allowance of alimony in cases in which a divorce from bed and board is sought.

Respondent's annual income is approximately $9,500; his net assets amount to $8,000. Libellant is without means of support. We, therefore, make the following order:

Rule absolute, and directed that respondent forthwith pay to libellant, or her counsel of record, the sum of $250 for counsel fees and $100 for expenses and that he further pay libellant during the pendency of these proceedings the sum of $100 per month during such period as she may continue to occupy the home, and the sum of $150 per month in case she vacates the same, the first payment to be made July 1, 1944.