## Gunder v. Gunder

*George S. Black*, for libellant.
*Edmund C. Wingerd, Jr.*, for respondent.

WINGERD, P. J., June 18, 1948.—A divorce action was brought by libellant against respondent on December 1, 1947. Personal service was made on respondent. On December 19, 1947, respondent presented her petition for alimony pendente lite and counsel fees, and a rule was granted pursuant thereto. Libellant filed an answer to the petition for alimony pendente lite on January 16, 1948, and on the same day, an agreement as to counsel fees was filed and approved by the court. The answer raised certain questions of fact. On April 17, 1948, libellant entered a rule on respondent to

proceed as required by Pa. R. C. P. 209. The time for the return day of the rule was extended by agreement of counsel to May 13, 1948. On May 13, 1948, respondent presented a petition, asking that a date be set for a hearing to take testimony concerning the issues of fact raised by the petition and answer and further requested the court to determine preliminarily whether or not testimony concerning the adultery alleged as a cause for divorce in the libel would be heard at the hearing on petition for alimony pendente lite and the answer filed thereto.

The sole question before the court is: Shall the court hear testimony concerning the adultery alleged as a cause for divorce at the hearing to be held concerning the allowance of alimony pendente lite?

In Carlucci v. Carlucci, 29 Northamp. 378, the court considers very fully the matter of alimony pendente lite and, in the course of its opinion, on page 383, states:

"A summary of the law is 'alimony pendente lite is that allowance which the husband may be compelled, pendente lite, to pay his wife for maintenance and support, if she is without separate means, living apart from him, and the husband is able to pay, whether she is libellant or respondent, and without a consideration of the merits of the case'. Sturgeon Pennsylvania Law and Procedure in Divorce (3rd ed.), section 1184, page 738."

In 2 Freedman, Law of Marriage and Divorce in Pennsylvania, sec. 443, the extent of the inquiry on a hearing for alimony pendente lite is fully discussed and, on page 958, it is said:

"However, although the circumstances where the wife is libellant differ somewhat from the cases where she is respondent, the anomaly would persist in either case of requiring her to establish preliminarily that which is subsequently to be proven, and to establish it before she had secured the support and financial assistance which is required for that very purpose. It would

therefore be a harsh aggravation of injustice to refuse her the means of establishing her rights until she had first fully proved them. Consequently, the general rule is that on a petition for alimony *pendente lite* the courts will not inquire into the merits of the wife's claim or defense."

There are some authorities which hold that a wife's right to alimony pendente lite may be defeated when it is shown that she is living in adultery or has committed an act of adultery. However, in some of these cases the fact of adultery had been adjudicated, either directly or by inference, in another proceeding. The theory of these cases is clearly unsound because, if a wife's right to alimony pendente lite in a divorce action based on adultery can be defeated by proof of the adultery alleged in the libel, there is no good reason why in any action for divorce the wife's right to alimony pendente lite cannot be defeated by showing that she was in fact guilty of the acts which constitute the cause for divorce on which the action is based, whether such cause be desertion, cruel and barbarous treatment or indignities to the person, etc. In fact, some cases have gone this far. The danger of such a theory is well illustrated in the case of Murray v. Murray, 21 Luz. 354, in which the lower court held that the wife, libellant, had no grounds for divorce and, therefore, refused alimony and counsel fees. Contrary to the court's conception, libellant was successful and secured a divorce. On an appeal to the Superior Court, the order of the lower court refusing alimony and counsel fees, pending a decree, was reversed and the Superior Court stated:

"We do not think the judge's mistaken idea that the libellant would fail in her suit was sufficient reason to discharge the rule, and the entry of the order was not an exercise of the sound discretion of the court": Murray v. Murray (No. 1), 80 Pa. Superior Ct. 573, 574.

To inquire into the merits of a wife's claim or defense in a divorce action in a hearing on her petition for alimony pendente lite "would result in every case in the prohibited preliminary and inconclusive trial of the merits of the divorce proceeding to determine whether the wife should obtain the allowance": Freedman, Law of Marriage and Divorce in Pennsylvania, sec. 443, page 963.

To allow the cause of divorce to be an issue in proceedings for alimony pendente lite would result in many complications. For instance, if respondent were to allege in the answer, as a reason for denying the prayer of the petition, the adultery, which was the cause of the divorce, petitioner could not put the matter down for argument, for, if that were done, the existence of the cause for divorce would be admitted under our practice. The only course to pursue would be to ask for a hearing and then the hearing would be on the same matter as would be later considered in the trial of the main issue. In the same way, if petitioner stated she had a good defense to the libel in her petition for alimony pendente lite, the answer would have to deny that fact or there would be an admission by respondent that there was no foundation for the libel. If it were denied, which, of course, would be done, then the same issue would be before the court as in the divorce action and any decision made by the court on the basis of its attitude toward that issue would be a prejudgment of the main issue in a collateral proceeding. From any standpoint, consideration by the court of testimony bearing on the cause for divorce in a hearing on a petition for alimony pendente lite is most undesirable.

In Murray v. Murray (No. 1), 80 Pa. Superior Ct. 573, the Superior Court, in referring to an application for alimony pendente lite, says:

"This court said in Fernald v. Fernald, 5 Pa. Superior Ct. 629, 'An application for an order of this

nature is addressed to the sound discretion of the court having jurisdiction of the cause, and in the exercise of this discretion regard is to be had to the husband's ability and the wife's necessity'."

Of course, we realize that the allowance of alimony pendente lite to the wife is not a matter of right but is within the sound discretion of the court and that there are circumstances under which no alimony will be allowed. However, we do not feel that the court should inquire into the respective merits of libellant's cause of action and respondent's defense thereto in a hearing on the petition and answer for alimony pendente lite.

Now, June 18, 1948, testimony as to the merits of the divorce proceeding will not be heard at the hearing to be held on petition of respondent for alimony pendente lite and answer thereto. Time for hearing will be set in the near future.