## Black v. Black

*Speiser, Satinsky, Gilliland & Packel*, by *Raymond A. Speiser*, for plaintiff.

*Thomas D. McBride*, by *John W. Bohlen*, for defendant.

CRUMLISH, J., March 13, 1950.—This is an action for divorce a mensa et thoro. The matter is presently before us on plaintiff's application for alimony pendente lite, counsel fee and costs, defendant's responsive answer, and depositions.

The first question which we must decide is: May an award for alimony pendente lite, counsel fee and costs be made to a wife who relies upon a common-law marriage, the existence of which is denied by the husband?

Where this question has risen in cases involving a de facto marriage in this jurisdiction, it has been answered in the affirmative. See Smith v. Smith, 24 Dist. R. 527 (1915) and Roughsedge v. Roughsedge, 57 D. & C. 318 (1944) (based on a common-law marriage contract). Kline v. Kline, 1 Philadelphia Reports 383 (1852) is authority for the proposition that proof of the existence of a marriage between the parties need not be conclusively shown before an award for alimony, etc., may be made. No authority is needed to support the proposition that a mere meretricious relationship may not be used as the basis for an award.

Plaintiff asserts a common-law marriage which occurred in Philadelphia on October 11, 1948, after an acquaintanceship of 10 days. She testified as to words in praesenti, uttered for the purpose of establishing a marriage relationship between the parties, and cohabitation and reputation.

The marriage contract is denied by defendant. He denied that he cohabited with plaintiff and explained the apparent intimacy of the relationship as being nothing more than that of employer and domestic servant who "lived in". He produced witnesses to testify that plaintiff was known as Doris King. Defendant did, however, identify his signature on the records of the Philadelphia General Hospital, dated January 12, 1949, in which he described himself as the nearest relative of plaintiff, whom he identified as Doris Black, and gave permission to administer certain methods of treatment to her. His explanation was that plaintiff was in his employ and he sought to help her and that he "did not really read them definitely. The nurse asked me to sign them and I signed them."

Our conclusion from an examination of the testimony adduced by both sides is that a marriage relationship in fact had been assumed by the parties. Under such

circumstances, it would be unjust to relieve defendant of the obligation to support plaintiff and to furnish her with financial assistance in order to protect her rights, whatever they may be, until her contentions are either proved or disproved upon final adjudication. We are not unmindful of the burden which the laws places upon one who seeks to prove a common-law marriage (Stevenson's Estate, 272 Pa. 291, 296 (1922); Osterling's Estate, 323 Pa. 23 (1936); Baker v. Mitchell et al., 143 Pa. Superior Ct. 50 (1941)) but to decide this question on the basis of an opinion that plaintiff would fail in her suit, which defendant asks us to do, would be an abuse of discretion: Murray v. Murray (No. 1), 80 Pa. Superior Ct. 573 (1923).

On the question of defendant's ability to pay and plaintiff's necessities, no useful purpose will be served by an extended discussion of the facts. Defendant is a man of some means and has a substantial income. Plaintiff is without property and income. Already it is apparent that the case will be bitterly contested. Plaintiff will be put to considerable expense in marshaling her evidence and will require expert legal representation. We are of the opinion that an award to plaintiff for alimony pendente lite in the sum of $35 per week and for counsel fee and costs in the sum of $500, at this time, would be reasonable and proper.