## Eltz v. Eltz

*Milton Lowry*, for libellant.

*Louis M. Stamberg* and *Geza Bolez*, for respondent.

HENNINGER, P. J., November 13, 1950.—On October 11, 1945, libellant filed this action in divorce alleging fraud, based on his averment that he, a United States soldier in England, married this English girl just before the invasion of Normandy at the insistence of his superior officer upon the claim by respondent that libellant was the father of her expected child, which child never materialized. After four years libellant moved to amend his libel to add the charge of desertion. At a former argument of this case, the court announced that it would allow this amendment, but no formal order was handed down.

On an old rule for counsel fees and expenses, respondent was awarded and received $200 in May 1950. Respondent, who continues to reside in England, now

asks for additional money for expenses to enable her to come to America to defend the action. Libellant is an employe in the Allentown Post Office and receives a disability pension from which respondent is receiving a small allotment.

In deciding the question of the allowance of expenses to a wife respondent, the husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a just and fair amount which the husband should pay: Karmany v. Karmany, 71 Pa. Superior Ct. 308, 310; Brong v. Brong, 129 Pa. Superior Ct. 224, 226.

In our opinion it is out of the question to ask libellant to pay the respondent's passage from England and her maintenance here while defending the suit. Libellant cannot hold a lucrative position in the postal system, if such exists, and there is no evidence of any estate of his, so we assume he is an average wage earner. In the case of Fernald v. Fernald, 5 Pa. Superior Ct. 629, in which the Superior Court held it was not an abuse of discretion to compel a libellant to pay $125 to bring his wife to Pennsylvania from Florida to defend a divorce action, there are indications that libellant was a man of means.

While it is preferable to have witnesses appear personally before the master, certainly we do not doubt the right of a respondent to present her defense through depositions. Authority for taking depositions in divorce cases is very meager, but both Anderson, Pennsylvania Civil Practice (vol. 2, page 439, rule 1134), and Goodrich-Amram (commentary 1134-1) assert that evidence may be taken by deposition in divorce cases when circumstances so require and that Pa. R. C. P. 1134, providing for authorization of a master to go beyond the forum to take testimony, is not intended to provide an exclusive method.

There is good reason for requiring the presence of a plaintiff for the purpose of cross-examination by the master, representing the State, but in the case of a defendant, honestly contesting a divorce, the same reason does not apply, for she is already serving the State's purpose of safeguarding the marital relation.

It is true that personal testimony is more forceful than depositions but we must give reasonable weight to plaintiff's right to relief if he has a good cause, without expending an unreasonably large sum of money. We are not denying defendant's right to appear; we are saying that under the circumstances we cannot compel plaintiff to pay the expense.

In a divorce case the disadvantage of presenting testimony by deposition is less marked than in other cases because the ultimate decision is in the hands of the court who will not have seen the parties in any event.

Defendant has also asked us to compel plaintiff to take all necessary steps to bring his wife to this country. We cannot do this directly and we ought not do it indirectly by ordering a stay unless he should request her entry and guarantee her support while here and her departure when her visit is completed. Surely there are other means of entry for a lawful purpose and defendant should resort to those means.

The taking of depositions will undoubtedly involve some expense and we shall make an allowance for it.

Now, November 13, 1950, it is ordered that plaintiff be permitted to amend his libel in divorce as prayed and it is further ordered that defendant may present such testimony as she may see fit by depositions and that plaintiff pay to defendant through her counsel the sum of $50 for the purpose of taking such depositions.