## Simpson v. Simpson (No. 1)

*I. M. Czap*, for plaintiff.

*W. T. Campbell*, for defendant.

OLIVER, P. J., December 4, 1954.—Plaintiff commenced suit in divorce a. v. m. against defendant on the grounds of indignities to the person, cruel and barbarous treatment, and desertion. Defendant answered

and denied that he and plaintiff had ever married. The case has been referred to a master.

The matter is presently before us on plaintiff's application for alimony pendente lite, costs and additional counsel fees (plaintiff having already been awarded the nominal $50 counsel fee). Defendant opposes this petition and contends that he is not plaintiff's husband, and therefore should not have to pay the expenses of a divorce suit.

In 1946 present defendant instituted an action in equity against present plaintiff in Common Pleas Court No. 2 of Philadelphia County. This action was brought to resolve certain conflicting interests in certain property. An adjudication was filed on May 9, 1949. In that adjudication the court drew the following conclusions of law:

"2. No common law or other marriage exists between the plaintiff and the defendant.

"3. The plaintiff and the defendant in law are unmarried and are two separate and distinct natural persons."

The adjudication by Common Pleas Court No. 2 is not final. An auditor has been appointed and a report by that auditor is pending. When the report is submitted to that court either party will be given an opportunity to file exceptions. If the exceptions are dismissed, there will be the usual right to appeal.

But even assuming that the adjudication is final, it is not res adjudicata in this action for divorce.

"To constitute res adjudicata there must be: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made": American Surety Co. of N. Y. v. Dickson et al., 345 Pa. 328. Several of the requisites are lacking in the case before us.

It is a settled proposition that the granting of alimony pendente lite, additional counsel fees, and costs rests in the sound discretion of the court. Defendant admits this, but contends that the court should not grant alimony, fees and costs in view of the action in Common Pleas Court No. 2. After careful consideration we cannot agree.

The general rule is that, on a petition for alimony pendente lite, the courts will not inquire into the merits of the woman's claim or defense: Sturgeon, Pennsylvania Law and Procedure in Divorce; Freedman, Law of Marriage and Divorce in Pennsylvania. A recital of several cases will further support this principle.

In one case a lower court refused to grant alimony pendente lite. It gave as its reason the opinion that libellant had no grounds for a divorce and held that it would be "a plain perversion of the process of the courts for her to seek a divorce, and it would be a gross injustice to compel him to pay alimony and counsel fees pending a decree in such a case".

The trial judge was mistaken, for the wife subsequently secured a divorce. She appealed the refusal to grant alimony. The appellate court said:

"We do not think the judge's mistaken idea that the libellant would fail in her suit was sufficient reason to discharge the rule, and the entry of the order was not an exercise of the sound discretion of the court": Murray v. Murray (No. 1), 80 Pa. Superior Ct. 573.

In another case a woman brought suit for divorce alleging a common-law marriage. Defendant denied the existence of the marriage and, on that ground, opposed plaintiff's petition for alimony pendente lite, fees and costs. The court held that it would not delve into the merits of the controversy (i. e., the marital status) on a petition for alimony, and said:

". . . it would be unjust to relieve defendant of the obligation to support plaintiff and to furnish her with

financial assistance in order to protect her rights, whatever they may be, until her contentions are either proved or disproved upon final adjudication. . . . To decide this question on the basis of an opinion that plaintiff would fail in her suit, which defendant asks us to do, would be an abuse of discretion": Black v. Black, 71 D. & C. 591 (1950).

A case very much on point is Brady v. Brady, 168 Pa. Superior Ct. 538. In that case a woman instituted an action for divorce and petitioned for alimony and counsel fees. Defendant answered that libellant was not his wife, that he had been divorced from her in Nevada, and had since remarried. The Superior Court affirmed the granting of alimony and counsel fees. The court said:

"The controlling issue to be litigated is: Were the parties married to each other on the date when the complaint was filed? . . . Patently, if the court below had refused appellee's petition it would have adjudicated in limine the validity of the divorce and also the merits of the substantive grounds for divorce alleged in the complaint. It would be a harsh rule which denied appellee the means of establishing her rights until she had first fully proved them."

In view of the general proposition and the cases cited above, we are of the opinion that it would be an abuse of discretion to refuse plaintiff's petition on the ground that the marital status of the parties is in dispute.

"In a proceeding for divorce it is the duty of the court to make a proper allowance to the wife, if she be not herself of sufficient ability, to enable her to maintain or defend her suit, having regard to the ability of her husband: Waldron v. Waldron, 55 Pa. 231.

"The orders which a court makes of expenses to be allowed to a wife, during the proceedings, are in their nature interlocutory and often made upon the hearing of oral testimony, and as a general rule are purely

within the sound discretion of the court": Lynn v. Lynn, 68 Pa. Superior Ct. 324.

Depositions have been taken on behalf of plaintiff. These reveal that she receives $500 per year compensation for acting as a companion to an elderly woman. She has also started a wholesale candy business but operated that business at a loss in both 1953 and 1954. She has debts of several thousand dollars. It appears that she does not have the financial ability to maintain this suit.

Defendant did not deny that he receives at least $2,000 per year from his insurance business. In addition, he received $1,503 as his share of the income from a parking lot in 1953. He also received $371 as his share of income in an estate in 1953. Therefore, it appears that defendant had an income of at least $3,874 in 1953. It also appears that his income in 1954 will at least equal that of 1953.

It has firmly been established that alimony pendente lite should never exceed one third of "the annual profit or income of his estate, or of his occupation and labor": Lynn v. Lynn, supra; Gould v. Gould, 95 Pa. Superior Ct. 387. But the award of alimony may be related back to the date of the filing of the petition: Ray v. Ray, 89 Pa. Superior Ct. 566.

Nominal counsel fee has generally been fixed at $50 in Philadelphia County. However, where an unusual amount of trouble and labor is involved, the court may allow more. This amount is within the discretion of the court. The court may refuse to award the full amount of counsel fee until the exact character of the services of counsel are ascertained. In the matter before us there have been two hearings before the master and several appearances before the court. There has also been an appeal from the award of $50 counsel fees.

A woman, whether prosecuting or defending a suit for divorce, is entitled to an allowance for such rea-

sonable expenses as may be necessary during the pendency of the suit. The award of expenses is a matter which lies in the discretion of the court: Hartje v. Hartje, 39 Pa. Superior Ct. 490; Lynn v. Lynn, supra. The liberal practice has developed of awarding necessary expenses in divorce in advance of their expenditure: Freedman, Law of Marriage and Divorce in Pennsylvania. However, the court may await the determination of the merits of the divorce proceeding before allowing expenses. We, therefore, make the following order

And now, December 4, 1954, rule absolute for alimony pendente lite in the sum of $20 per week beginning as of September 17, 1954; and for additional counsel fees, in the sum of $100, without prejudice to renew request for additional fees. Rule for costs and expenses to abide the result.