## McKelvey v. McKelvey

*James H. Owen,* for plaintiff.
*Robert E. Pryde,* for defendant.

HOUSE, *P.J.,* November 18, 1980—Plaintiff brought a complaint in divorce which alleged indignities and sought equitable distribution of property and custody of the children of the marriage. Defendant then petitioned the court to include child support, alimony, counsel fees and expenses in its disposition of the case. Subsequently, upon motion by defendant, the court severed the claim for custody so that an early hearing on the matter could be had, and further ordered a hearing on defendant's application for alimony pendente lite, counsel fees, and support. The issue presently before this court is whether the newly enacted Divorce Code of April 2, 1980, P.L.____, 23 P.S. §101 et seq., changes the pre-existing law with respect to the necessity of determining marital misconduct in an application for alimony pendente lite by a defendant in an action brought under section 201(a) of the Divorce Code, which retains the traditional fault grounds for divorce.

Section 502 of the Divorce Code provides that "[t]he court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses." This language is identical to the former provision on alimony pendente lite, counsel fees and expenses. See the Divorce Law of May 2, 1929, P.L. 1237, as amended, 23 P.S. §46. The legislature offers no further guidance in the new Divorce Code on this subject. Resolution of the issue now before the court must be made by reference to certain significant aspects of the new Divorce Code.

The new Divorce Code has retained the traditional fault grounds for divorce that existed in Pennsylvania. See 23 P.S. §201(a). In addition, as stated above, the language of the section on alimony pendente lite remains unchanged. The act further provides that "[t]he provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws. . . ." 23 P.S. §103. It is plausible to conclude from these sections that the legislature did not intend to effectuate any change in the law with respect to the disallowance of alimony pendente lite upon a preliminary determination of fault when an action is brought under one of the retained 'fault' grounds. The legislature, however, has added several new and significant concepts to Pennsylvania divorce law which create a different basis upon which to view the issue before this court. Section 401(d) of the Divorce Code provides for equitable distribution of marital property upon divorce "without regard to marital misconduct." The act has also added post-divorce alimony to the law of divorce in Pennsylvania. Section 501(a) lists two prerequisites for an allowance of alimony by the court, the party seek-

ing alimony must "(1) [lack] . . . sufficient property . . . to provide for his or her reasonable needs; and (2) [be] unable to support himself or herself through appropriate employment." 23 P.S. §501(a). Once the eligibility requirements of section 501(a) are met, the court must consider "all relevant factors" in determining "whether alimony is necessary, and . . . the nature, amount, duration, and manner of payment. . . ." 23 P.S. §501(b). Marital misconduct is listed in section 501(b) as one of 14 relevant factors. Finally, the legislature has added "no-fault" bases for obtaining a divorce in Pennsylvania. See 23 P.S. §§201(c), 201(d).

It is clear that the legislature has injected "no-fault" aspects into divorce brought on fault grounds. The provisions of equitable distribution and alimony apply to all divorce actions whether brought under the traditional fault grounds of section 201(a), or under the new no-fault provisions of section 201(c) and 201(d). Alimony, then, could be awarded to the guilty party in an action brought under fault grounds. It would be incongruous to deny a party alimony pendente lite when that same party could be awarded alimony after the divorce has been granted.

The purpose of alimony pendente lite is "to enable a wife to maintain or defend the . . . [divorce] action and to meet her expenses in connection with the litigation . . . so that she may not be put at a disadvantage financially. . . ." 12 P.L.E., Divorce §151.

Under the new Divorce Code a spouse has the additional interests of equitable distribution and alimony to protect, creating a greater need for properly maintaining or defending a divorce action. Moreover, it would be ludicrous to allow a defendant to be eligible for equitable distribution of property

and alimony even though at fault, while at the same time denying her the practical ability to protect these interests on account of her marital misconduct.

The treatment of alimony under the new Divorce Code is helpful as a guide because it is analogous with alimony pendente lite and there is substantial similarity between their stated purposes. "The generally accepted view . . . is that the function of permanent alimony is to provide support to the wife." 24 Am. Jur. 2d, Divorce and Separation §600. Most of the considerations to which the court must address itself in determining alimony under the new Divorce Code are clearly economic in nature. The court is allowed to grant alimony only if a spouse lacks sufficient property and is unable to support himself or herself. See 23 P.S. §501(a). The factors to be considered by the court in deciding the nature, amount and duration of alimony are for the most part concerned with the financial position and prospective financial capabilities of the parties. See 23 P.S. §501(b). Marital misconduct is listed as only one among 14 factors enumerated in section 501(b). Its effect upon an alimony award is minimal and is certainly not intended to be controlling. This philosophy surely should be carried over to a determination of an award of alimony pendente lite.

Certain legislative findings and intent, as stated in section 102, support the view that marital misconduct should not act as a bar to an award of alimony pendente lite. That section provides in pertinent part that:

"[I]t is hereby declared to be the policy of the Commonwealth of Pennsylvania to . . . (3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the

punishment of matrimonial wrongs . . . (6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties. . . ."

The Divorce Code is clearly remedial legislation designed to broaden the rights of spouses guilty of marital misconduct. To deny alimony pendente lite on account of marital misconduct is clearly punishing matrimonial wrong and is certainly not effectuating economic justice.

It is readily apparent that the changes in the law of divorce in Pennsylvania evidence a rather radical shift in philosophy. Under the pre-existing law fault was always a factor in a divorce action, both as a ground for divorce and as a ground for defense. In other words it was an integral part of all divorce actions. While fault grounds for divorce are retained in the new Divorce Code, the overall importance of fault in a divorce action has been diminished by the inclusion of "no-fault" grounds for divorce, provision for equitable distribution of property without regard to marital misconduct, and allowance for alimony with marital misconduct as only one of many factors. To deny a party alimony pendente lite on account of his or her marital misconduct would be inconsistent with certain provisions of the new Divorce Code, the legislative intent, both express and implied, of the new legislation, and the apparent shift in philosophy in the law of divorce that it exhibits.

While we rely upon the foregoing analysis in basing our decision that fault does not disqualify a party to a divorce action from obtaining alimony pendente lite, we also note that even under prior law a party guilty (or arguably guilty) of a matrimonial

wrong was not thereby automatically disqualified from receiving alimony pendente lite. See Freedman, Law of Marriage and Divorce in Pennsylvania §427 et seq.

The awarding or withholding of alimony pendente lite was always discretionary with the court: Waldron v. Waldron, 55 Pa. 231 (1867). And the law has always understood the paradox which is presented if a spouse who seeks alimony pendente lite is required preliminarily to establish that which is to be subsequently proven in the divorce action and, moreover, to establish it *before* she has secured the support and financial assistance which is required for that very purpose: Freedman, supra, §443.

True, there are cases in Pennsylvania which seem to hold that a spouse who has committed adultery is thereby barred from alimony pendente lite. As Freedman points out, these cases not only formulate an erroneous rule, but also are based on a mere dictum in a lower court decision.

We conclude that the law of Pennsylvania has never contained any absolute bar to an award of alimony pendente lite to a spouse at fault, even a spouse guilty of adultery. Be that as it may, the Divorce Code of 1980 surely dispels any lingering doubt and makes clear that a spouse in need may be awarded alimony pendente lite without regard to any real or alleged fault on the spouse's part in a proper case.


ORDER


And now, November 18, 1980, after hearing and argument and submission of briefs, and for the reasons contained in the annexed opinion, it is ordered

and directed that counsel for the parties arrange for the parties to appear before the Domestic Relations Officer within ten days of the date of this order for the purpose of a conference to determine, if possible, the amount of alimony pendente lite to be paid by plaintiff to defendant. Either party may thereafter demand a hearing before the court on this issue.

It is further ordered and directed that any award of alimony pendente lite shall be retroactive to the date of filing of the petition.