## Gould *v.* Gould, Appellant.

Argued October 24, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Edgar W. Lank,* for appellant.—The court did not use sound discretion and judgment in entering the order appealed from: Murray v. Murray, 80 Pa. Superior Ct. 573; Betz v. Betz, 70 Pa. Superior Ct. 396; Com. ex rel. v. Kramer, 80 Pa. Superior Ct. 210.

*Keller H. Gilbert,* for appellee.—The order appealed from is interlocutory, from which no appeal lies: Waldron v. Waldron, 55 Pa. 231; Ray v. Ray, 89 Pa. Superior Ct. 566; Richardson v. Richardson, 193 Pa. 279.

OPINION BY KELLER, J., March 1, 1929:

On September 20, 1927, the appellee filed her libel asking for a divorce from bed and board; and later obtained a rule on the respondent to show cause why he should not pay her alimony pendente lite and counsel fees. The court made the rule absolute and directed respondent, inter alia, to pay "alimony pendente lite in the sum of sixty dollars per week exclusively for the libellant, who must make application to the municipal court for order for the support of her children." The respondent appealed to this court.

The order is a final one, in so far as the money to be paid under it is involved; if the respondent pays it he can never recover it back: Lynn v. Lynn, 68 Pa. Superior Ct. 324, 327. The distinction between an appeal by one who is compelled to pay alimony (Lynn v. Lynn, supra) and by one who has been refused alimony (Murray v. Murray, 78 Pa. Superior Ct. 443) or who claims the amount awarded is insufficient, is obvious as respects the finality of the order for the purpose of review on appeal. The motion to quash the appeal is overruled.

From the evidence it appears that the parties have four children who are living with their mother.

The respondent is a partner, with seven brothers,— each having a one-eighth interest in the partnership— in the coal and charcoal business. He receives a salary of $55 a week. The only evidence in the case is that during the last two years the firm made no profits. The records show a number of pieces of real estate registered in his name. He testified that all but three

of them belonged to the partnership and that he was as to them merely a trustee for the firm. He has himself to blame if for the purposes of this proceeding they must be considered his. He refused to produce any of the documents in his possession which, he said, would establish the ownership of the firm and his trusteeship of the real estate for it. But of this real estate, a number of pieces were unimproved lots, producing no revenue, and requiring the payment of taxes. Of the real estate admittedly his, one house was his home, in which the libellant lived when these proceedings were started and continued to reside until February 7, 1928. It produces no income, and has a mortgage of $3,000 against it. The other two houses are rented for $20 and $35 a month, respectively, producing a gross revenue of $660 a year from which must be deducted taxes and repairs. Unmatured building and loan association stock brings in no income; it requires expenditures. The stock which matured in 1927 ($2,000) was subject to a loan of $1,300, which the libellant had made before she assigned the stock to respondent.

Giving full effect to respondent's ownership of the real estate registered in his name we are unable to find that the income from his property and labor exceeds $105 a week. We said in Lynn v. Lynn, supra, that "as the statute limits the amount of permanent alimony to which the wife shall be entitled, in case she succeeds in establishing her right to a final decree, to the one-third of the income from the property and labor of the husband, the amount of alimony pendente lite should not substantially exceed that limit" (p. 331).

We think that principle applies here, and that the allowance of alimony pendente lite in the present case ought not to exceed $35 per week; and the order of the court below is accordingly modified. This amount

includes nothing for the support of his children. The duty to maintain them remains in addition to the payment of alimony.

This order does not fix the amount of permanent alimony in case the libellant succeeds in establishing her right to a divorce. The parties have the right to take further testimony on this question and that testimony may disclose that the income of the respondent is more or less than sufficient to warrant the award of alimony in the sum indicated: Lynn v. Lynn, supra, p. 332.

The order of the court below is modified by reducing the award of alimony pendente lite from $60 to $35 per week. Costs of this appeal to be paid by appellant.