## Boyd's Estate.

Argued January 15, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*G. J. Clark,* with him *R. O. Brockway,* for appellants.

*J. Q. Creveling,* for appellee.

PER CURIAM, February 5, 1930:

This case concerns a partition proceeding in the orphans' court, to divide the real estate of Aaron Boyd, deceased, among his five children, two of whom were petitioners and three of whom were respondents in the court below. The two petitioners and one of the respondents have appealed from an order of that tribunal, entered May 9, 1929, making absolute a rule, allowed September 7, 1928, to open and review certain of the prior proceedings in the case, including the decree allotting purparts, entered July 16, 1928.

The Orphans' Court Partition Act of June 7, 1917, P. L. 337, 343-4, by section 16, provides that, "Upon return made by commissioners......or of the inquisition taken, or when the real estate or any purpart thereof is awarded......and a final decree is entered, the partition thereby made shall be firm and stable forever, subject only to the right of appeal." Appellants contend that, under this act, the decree of July 16, 1928, was final and beyond the control of the court below, at the time it was opened by that tribunal; but their contention cannot be sustained, for the statute does not mean that, when some only of the purparts have been awarded, an appeal may be taken; the adding of the words, "and a final decree is entered," shows the legislative intention that the partition shall not become fixed, or subject to

the right of appeal, until all the purparts have been awarded, because no definite determination can be properly reached as to any purpart until each and all of them have been finally considered. In short, no final decree, as required by the act, can be entered until all the purparts have been allotted. Here, the decree of July 16, 1928, awarding the purparts, entirely omitted purpart No. 3; hence it was not a final decree, and no appeal would lie therefrom. No matter how valid the reason for omitting the particular purpart, the fact remains that it was left out, and this in itself was enough to prevent the decree from being "final," in the sense of the statute, and to keep the matter within the control of the court below. Perhaps when that tribunal has reviewed the proceedings in which the several alleged mistakes occurred, the present appellants will not be harmed by the determinations then reached; but, however that may prove, none of the questions presented to us at argument are ripe for decision by this court at the present time.

The appeal is quashed at cost of appellants.