**HUSBAND, de, Appellant,**

v.

**WIFE, de, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 24, 1976.

Decided Oct. 21, 1976.

David Roeberg, of Roeberg & Agostini, Wilmington, for appellant-husband.

Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, and Lawrence B. Brody, of Coudert Brothers, London, England, of counsel, for appellee-wife.

Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Justices.

DUFFY, Justice:

The threshold question in this case involves the appealability of an interlocutory order of the Family Court awarding temporary alimony, travel expenses and attorney fees.

I

This is a contested action for divorce brought by the Husband under 13 Del.C. § 1505. Apparently, he is a Delaware domiciliary; his wife lives in England. She applied under 13 Del.C. § 1509(a)(1) and (6) [1] for interim relief pending final hearing and, on a record made by affidavits, the Family Court awarded her temporary alimony, travel expenses and attorney fees

1. 13 Del.C. § 1509(a)(1) and (6) provide:
"(a) Petitioner in the petition for divorce or annulment, or by motion filed simultaneously with the petition, or either party by motion filed after the filing of the petition, may move for 1 or more of the following interim orders:

(1) For temporary alimony for himself or herself;

.    .    .    .    .

(6) Requiring 1 party to pay such sum to the other party as deemed necessary to defray the other party's expenses in conducting the proceedings."

in the order on appeal here. 13 Del.C. § 1522.

## II

The Husband argues that by virtue of the provisions of 13 Del.C. § 1522(a)(3) he has a right to an appeal of the interlocutory order. That statute reads as follows:

"(a) All parties to any of the proceedings brought pursuant to this chapter shall possess all the procedural rights which those parties would have heretofore possessed in any of the proceedings brought pursuant to this chapter in the Superior Court of this State including but not limited to the following:

.   .   .   .   .   .

(3) Right to appeal to the Supreme Court of this State on the record from interlocutory or final orders for judgment; such appeal shall be in the form and manner provided by the rules of the Supreme Court."

■ We have no doubt that under the statute certain interlocutory appeals may be taken to this Court, but we are not persuaded that *every* interlocutory order is appealable. And that is the logical consequence of the argument the Husband makes. That position is not sound for two reasons. First, § 1522(a)(3) clearly manifests a Legislative intent to subject appeals, interlocutory as well as final, to the procedural mandates of this Court by providing that they "shall be in the form and manner" provided by Supreme Court Rules. Second, the statute confers on Family Court parties the same "procedural rights" which they would have possessed in prior proceedings in the Superior Court (which had divorce jurisdiction prior to November 21, 1975, 60 Del.L. ch. 297); and, under established case law, an appeal

from an interlocutory order may be taken from the Superior Court to this Court only if the order determines a substantial issue and establishes a legal right. See, for example, *C. v. C.,* Del.Supr., 320 A.2d 717 (1974). The General Assembly is presumed to have been aware of that law when it enacted § 1522(a)(3).

We conclude that to be appealable to this Court an interlocutory order of the Family Court must determine a substantial question *and* establish a legal right between the parties.

## III

■ We turn now to the question of whether an award of temporary alimony, or travel expenses or attorney fees is appealable. under the announced criteria.[2] There does not appear to be a reported Delaware decision as to any of such awards.

In other jurisdictions there is a division of opinion as to whether or not such orders are appealable. 4 *Am.Jur.*2d Appeal and Error § 138, *Annot.* 167 A.L.R. 360. Statutory variations explain some of the differences but whatever the rationale, our view is that an order granting or refusing temporary alimony or suit expenses is not appealable under the Delaware statute. See 4 *Am.Jur.*2d supra. We say this for several reasons.

■ First, temporary alimony is, by its nature and purpose, subject to modification as the circumstances of the parties change and each change would thus create a new right of appeal. And, second, in the disposition of marital property under 13 Del.C. § 1513 the Trial Court, at final hearing, can consider amounts awarded to a spouse on an interim basis.[3] Under these circum-

---

2. The order at issue is simply a direction to pay money. In this context we are not concerned with contempt or any other enforcement proceeding.

3. Section 1513(a)(3) directs that an equitable division of marital property be made by the Court after considering a number of relevant factors, including "(4) Whether the property award is in lieu of or in addition to alimony."

**638**

stances, we decline to say that an order which merely directs the payment of moneys on an interim basis, and the consequences of which are subject to later consideration, determines a substantial question between the parties within the meaning of the law governing appealability. In addition, marital and domestic relations litigation should proceed to prompt disposition, and an interlocutory appeal would, in most cases, thwart that objective.

We conclude that the interlocutory order made by the Family Court in this case is not appealable and, therefore, this Court is without jurisdiction to consider it.[4] It follows that the appeal must be dismissed.

4. The interlocutory order is, of course, reviewable by this Court on appeal from a final order. 10 Del.C. § 144.