432 A.2d 613

Janet E. GASPER,

v.

William M. GASPER, Appellant.

Janet E. GASPER, Appellant,

v.

William M. GASPER.

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed July 10, 1981.

David A. Eisenberg, Allentown, for appellant in case no. 722 and for appellee in case no. 652.

Clayton T. Hyman, Allentown, for appellant in case no. 652 and for appellee in case no. 722.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

The case on appeal involves a hearing in a matter initiated by the filing of a Complaint in Partition by Janet E. Gasper against William M. Gasper, her husband, in April 1979. Following an adjudication both parties have appealed. The complaint set forth that during the course of their marriage the parties had acquired a collection of coins, paper money, clocks, and watches. The complaint further pleaded that in December 1978 William Gasper removed part of the paper money, clocks, and watch collection from the parties' domi-

cile and secreted those goods. In another paragraph of the complaint Janet Gasper admitted that she had taken part of the coin collection when she left the domicile in November 1978. It was further recited that William Gasper had filed a Complaint in Equity against Janet in December 1978 concerning the coins taken by her and, inter alia, asked that the coins be declared entireties property. In a responsive pleading to that suit Janet sought similar relief as to a portion of the disputed property allegedly in the hands of William. The upshot of these claims was a meeting before Judge Mellenberg wherein the parties stipulated and agreed that:

    a). The coin collection was to be the joint property of the parties, as entireties property with each possessing an undivided one half interest therein; and

    b). The paper money collection and the clock and watch collection be and was to be the joint property of the parties, as entireties property, with each party possessing an undivided one half interest therein; and

    c). The coin collection and the paper money collection was to be deposited forthwith with Clayton Hyman, Esquire, to be deposited either in a safe deposit box or safe for safekeeping; and

    d). The clock and watch collection was to remain in the premises of the parties located at 1749 Highland Street, Allentown, Lehigh County, Pennsylvania, and neither party should remove sell, or in any other fashion encumber any part of said collection without written consent of the other party; and

    e). In the event the parties within ninty (90) days of the Order, remained separate and apart said Coin collection, paper money collection, and clock and watch collection, should be divided between the parties in a manner agreed to by both parties in writing, and upon failure to agree, as this Court may so declare in an action for partition of the entireties property initiated by either of the parties hereto.

Apparently the parties did not agree to a division of the property within the ninety day period and the present Com-

plaint in Partition was filed. The plaintiff, Janet, sought the appointment of a master to take evidence and cause partition of the disputed property. Preliminary objections to the complaint were dismissed and Mr. Gasper filed an Answer and New Matter. In this pleading he averred that Mrs. Gasper in violation of the above stated stipulation, had not deposited all of the coins taken by her with Attorney Hyman. Finally this matter came to hearing before the Honorable John E. Backenstoe on February 19, 1980. As previously noted under the stipulation reached by the parties in the prior equity action there was to be a deposit of the coins and paper money with Attorney Hyman and the clocks and watches were to be preserved at the parties' former domicile. Apparently this agreement was performed in part, but Mr. Gasper contended that Mrs. Gasper did not deposit all the coins allegedly in her possession. Prior to the hearing in a discussion with the court it was agreed that the hearing would concern itself with these items. Unfortunately counsel did not enter into a precise agreement as to the issues to be determined at the hearing but it does appear that the court was being asked to determine who had possession of a certain portion of the coins whose whereabouts were in dispute. As to this issue Mrs. Gasper who had initiated the present action agreed that she had the burden of proof. Thus, as we see it, the matter presented to the trial judge was to determine if the plaintiff had proved by a preponderance of the evidence that the disputed valuables [1] were in the possession of Mr. Gasper. Following the hearing the trial court entered an order of March 3, 1980, as follows:

NOW, this 3 day of March, 1980, after hearing we find neither the plaintiff nor the defendant has sustained their burden of proving the others possession of the missing property which was the subject of the hearing on February 19, 1980.

1. Enumerated is a set of Morgan Silver Dollars; a bag of silver dollars; a collection of typed coins and a collection of proof and mint sets.

ACCORDINGLY, the parties are directed to divide the remaining property pursuant to the Order of Judge Mellenberg dated December 20, 1978.

Both parties have appealed from this order.

Thereafter on July 1, 1980 the court wrote a supplemental memorandum opinion in which findings of fact and conclusions of law were made. The court therein concluded that Mrs. Gasper had failed to meet her burden of proof that her husband was in possession of the disputed property which was the subject of the hearing. The court dismissed the complaint in partition as to this item of claim.

As we understand the issue that counsel sought to present to the court for determination we are inclined to believe that the court's opinion of July 1, 1980 was in fact more responsive to the issue which was framed by counsel in their statements prior to the hearing of February 19, 1980 than was the original order set forth above. The statement of questions involved and the briefs on appeal, however, have been written based upon the order of March 3, 1980, which spoke of both parties' burden of proof as to the missing property.

After a thorough study of the record and briefs in this matter we have concluded that the appeal must be quashed. Reading the court's order of March 3 together with the subsequent finding and conclusion of July 1 we note that neither is a final order and that the result of both determinations is that neither party is out of court. The original action is one in partition and there has been no final decree in partition. The March 3, 1980 order directed a division in accordance with the previous stipulation and court order which in turn provided for final court disposition if the parties are unable to agree. The effect of the July 1 determination was to dismiss Mrs. Gasper's claim as to the missing portion of the coin collection under the partition and therefore it left undisturbed the remainder of the partition action.

It is axiomatic that an appeal will lie only from a final order unless otherwise permitted by statute. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *T.C.R. Realty Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977); see also *Boyd's Estate* 299 Pa. 291, 149 A. 319 (1930); Pa.R.A.P. 341(a). Since an order dismissing less than all counts of a multi-count complaint is interlocutory, *Giannini v. Joy*, 279 Pa.Super. 553, 421 A.2d 338 (1980), the order in the instant case dismissing one item of plaintiff's claim is similarly interlocutory. While the Rules of Appellate Procedure provide for an appeal as of right in the case of an interlocutory order directing partition, (Pa.R.A.P. 311(a)(6)), it is not clear whether Rule 311 refers only to an order of court under Pa.Rules of Civil Procedure 1557 which concerns the partition of real property. See Pa.R.A.P. 311 comment. Assuming arguendo that Pa.R.A.P. 311(a)(6) would apply in this matter concerning personal property, we note that there have been no exceptions taken in the lower court to the order(s) of the court and no disposition by the lower court en banc. See Pa.R.Civ.P. 1557. Moreover, in this matter there has been no order directing partition but simply an order to proceed with a process of partition which already had been agreed to by the parties. Thus there is no disagreement between the parties as to the right to a partition or, in fact, that each party is the owner of an individual one-half interest in all the property variously described as coins, paper money, clocks and watch collection. The disagreement is simply as to the possession of a certain portion of these valuables. As to these the lower court has said following a hearing that it is not convinced that they are in the possession of Mr. Casper and has therefore excluded them from the items to be considered in the partition action.

Since we have concluded that this appeal must be quashed we remand to the lower court. Upon remand it may be to the advantage to the parties to meet with the court in order to work out a method of final disposition as to the property not subject to the court's order of dismissal. Upon the entry of a final order if the parties are dissatisfied the filing of

484

exceptions and presentations of arguments to the trial court will assist in framing the issues and preserving them for appeal to this court. *See Benson v. Penn Central Transportation Co.*, 463 Pa. 37, 342 A.2d 393 (1975).

Appeals quashed.