474 A.2d 599

**Gregory SUTLIFF**

v.

**Carlene SUTLIFF, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1983.

Filed March 16, 1984.

Reargument Denied May 29, 1984.

Petition for Allowance of Appeal Granted Sept. 5, 1984.

Ronald Katzman, Harrisburg, for appellant.
Bonnie D. Menaker, Harrisburg, for appellee.

Before SPAETH, President Judge, and CAVANAUGH, McEWEN, BECK, MONTEMURO, MONTGOMERY and CERCONE, JJ.

CAVANAUGH, Judge:

This appeal is from an order of the lower court in a divorce proceeding, denying the request of appellant-wife (hereinafter "Wife") for alimony pendente lite, interim counsel fees and expenses from appellee-husband (hereinafter "Husband"). Wife contends (1) that an order denying such interim relief is final and appealable; and (2) that the lower court erred in various ways in its denial. We agree with Wife's first contention but must affirm the order of the lower court since she has failed to preserve other issues for appeal.

■ We are first presented with the threshold question, whether an order *denying* alimony pendente lite, counsel fees and expenses is appealable. It is settled law that an order *granting* such interim relief is final and appealable, insofar as the money to be paid under the order is involved, since once paid the money is likely unrecoverable. *Rutherford v. Rutherford*, 152 Pa.Super. 517, 32 A.2d 921 (1943); *Lynn v. Lynn*, 68 Pa.Super. 324 (1917). On the other hand, an order such as we have here, *denying* this interim relief has been held interlocutory and unappealable. *Paul v. Paul*, 281 Pa.Super. 202, 421 A.2d 1219 (1980). *Hanson v. Hanson*, 177 Pa.Super. 384, 110 A.2d 750 (1955); *Boerio v. Boerio*, 134 Pa.Super. 501, 4 A.2d 614 (1939). Although recognizing this distinction, Wife asks us to change the rule and hold both grants and denials final and appealable orders.[1]

1. An en banc panel of the Superior Court may overrule a three-judge panel of the same court. *Commonwealth v. Lewis*, 295 Pa.Super. 61, 440 A.2d 1223 (1982); as well as a prior en banc decision, where such prior decision is inconsistent with settled law, *Evans v. Blimpie Base, Inc.*, 284 Pa.Super. 256, 425 A.2d 801 (1981). Moreover, we have a duty to reappraise court-made rules which are found to be obsolete

■ We begin our inquiry by recognizing the basic principle that with limited exceptions not relevant here, only an order which is final is appealable. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977); *Gasper v. Gasper*, 288 Pa.Super. 478, 432 A.2d 613 (1981). *See also Boyd's Estate*, 299 Pa. 291, 149 A. 319 (1930); Pa.R.A.P. 341(a). Our Supreme Court has recently stated:

A final order is one which usually ends the litigation, or alternatively, disposes of the entire case. *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974). In determining what constitutes a final order we have followed the approach of *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), in that we look to "a practical rather than technical construction" of an order. In *Cohen*, the Supreme Court of the United States carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted. Under *Cohen*, an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Id.* at 546, 59 S.Ct. at 1226, 93 L.Ed. at 536.

*Pugar v. Greco, supra*, 483 Pa. at 73, 394 A.2d at 544–45.

Turning now to the order in the instant appeal, we find that the first requirement, that the order must be separate from and collateral to the main cause of action, is clearly satisfied. The right to alimony pendente lite, counsel fees or expenses is in no way an ingredient of the merits of the main cause of action, that being the divorce and property

and out-of-step with the realities of contemporary life. *Pugh v. Holmes*, 253 Pa.Super. 76, 384 A.2d 1234 (1978), *modified*, 486 Pa. 272, 405 A.2d 897 (1979).

settlement. *See In re Estate of Georgiana,* 312 Pa.Super. 339, 458 A.2d 989 (1983); *Malenfant v. Ruland,* 274 Pa.Super. 506, 418 A.2d 521 (1980).

With regard to the second requirement, that the right involved must be too important to be denied review, we first look to the traditional reasons underlying alimony pendente lite, counsel fees and expenses. The purpose of such relief is to promote the fair and impartial administration of justice by enabling the dependent spouse to maintain or defend the principal action in divorce without being placed at a financial disadvantage. *Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163 (1983); *Jack v. Jack,* 253 Pa.Super. 538, 385 A.2d 469 (1978); *Moore v. Moore,* 198 Pa.Super. 349, 181 A.2d 714 (1962). The simple fact that one spouse earns more than the other does not automatically entitle him or her to alimony pendente lite, counsel fees or expenses. Rather, there must be a showing that the spouse earning less *needs* the relief sought in order to adequately defend his or her rights in the principal litigation. *Hoover v. Hoover,* 288 Pa.Super. 159, 431 A.2d 337 (1981).

The statutory authority for alimony pendente lite, counsel fees and expenses which existed for many years under the Divorce Law, Act of May 29, 1929, P.L. 1237, § 46, 23 P.S. § 46, was recently continued under the Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, § 502, 23 P.S. § 502 (Supp. 1983). However, the 1980 enactment of the Divorce Code has greatly complicated divorce litigation by drawing a multitude of difficult economic questions into the arena.[2] The fair treatment of these economic questions by the courts is of utmost importance, not only to the parties, but also to society as a whole. Indeed, the declared policy of the Commonwealth is to "[e]ffectuate economic justice between the parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determina-

2. The 1980 Divorce Code provides for equitable distribution of marital property and rehabilitative, post-divorce alimony, both of which are new to Pennsylvania Law.

tion and settlement of their property rights." The Divorce Code, *supra*, § 102, 23 P.S. § 102 (Supp.1983).

Thus, in light of the important functions traditionally played by alimony pendente lite, counsel fees and expenses in divorce litigation, magnified by the increased complexity occasioned by the 1980 Divorce Code, as well as the expressions of public policy articulated by the General Assembly, we find the second requirement also met.

The final requirement is that the question must be such that if review were postponed, the right claimed may be irreparably lost. In determining this, we look to the practical consequences of the order in question. *Gordon v. Gordon*, 293 Pa.Super. 491, 439 A.2d 683 (1981), *aff'd*, 498 Pa. 570, 449 A.2d 1378 (1982). Although it may be said that the question of interim relief may be postponed until the final outcome of the divorce, as one commentator has cogently noted:

> [T]he lower court, by improperly refusing alimony or awarding it in an inadequate amount, may postpone its actual or full payment until after final decree in the divorce proceeding. But it is during the period of litigation, while the suit is pending in the lower court that the need for alimony, counsel fees and expenses is greatest and, indeed, vital. It is a belated remedy to award [him or] her a lump sum in case of reversal on appeal of the order denying ... alimony or awarding ... an inadequate amount. Then the record in the divorce suit has been made in the Common Pleas with all the damage to [his or] her case which the temporary denial of alimony, counsel fees and expenses may have caused.

*Freedman, Law of Marriage and Divorce in Pennsylvania*, Vol. 2, § 469, Page 990. In our view, the improper denial of alimony pendente lite, counsel fees and expenses may result in a loss of the dependent spouse's rights no less permanent and no less valuable than the money which may be paid by an independent spouse under an order granting such relief.

■ In light of the foregoing, we hold that an order denying alimony pendente lite, counsel fees or expenses meets the three part test set forth in *Pugar v. Greco, supra,* and is thus a final and appealable order. For purposes of their appealability, we see no reason to distinguish between alimony pendente lite, counsel fees and expenses. The underlying purposes and factors considered in granting or denying these are the same, regardless of which form of interim relief is sought. *Wiegand v. Wiegand,* 242 Pa.Super. 170, 363 A.2d 1215 (1976).

In so holding, we recognize that some delay in the principal litigation may result because the general rule is that an appeal removes jurisdiction from the lower court, *see* Pa.R. A.P. 1701, but feel that that is necessary to insure the fair and impartial administration of justice, and protection of the rights of the dependent spouse. At the same time, we specifically recognize the special character of domestic relations cases, and our obligation to decide them as expeditiously as is reasonably possible.

■ Unfortunately, we cannot reach the merits of this appeal since Wife failed to file exceptions to the order of the lower court and, therefore, the issues raised with respect to the merits of this order have been waived. *Carangelo v. Carangelo,* 321 Pa.Super. 219, 467 A.2d 1333 (1983); *Dewalt v. Dewalt,* 309 Pa.Super. 275, 455 A.2d 156 (1983). Accordingly we affirm the order of the lower court.

Order affirmed.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting:

I respectfully dissent from the majority's holding on the appealability issue. I would quash this appeal. The appealability of orders granting or denying alimony pendente lite, counsel fees and costs needs to be reappraised in light of the Divorce Code of 1980. Such reappraisal leads me to conclude that except in rare circumstances, such orders are interlocutory and unappealable. I believe this position is

most consistent with fairness and justice to both parties, judicial economy, and the goals and policies behind the Divorce Code of 1980. Since I would quash the appeal on jurisdictional grounds alone, I would not reach the issue of waiver due to failure to file exceptions.

The majority accurately states that Pennsylvania courts have in the past held an order granting alimony pendente lite or interim counsel fees to be immediately appealable, but the denial of such interim relief has been held to be unappealable. I agree with the majority that stare decisis must give way when the demands of justice require us to discard outmoded rules of law. "[T]he doctrine of stare decisis is not a vehicle for perpetuating error." *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 406, 388 A.2d 709, 720 (1978) (quoting *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 606, 305 A.2d 877, 888 (1973)). The cases cited by the majority were decided under the Divorce Law of 1929 and its predecessors. The comprehensive overhaul of our divorce statutes accomplished by the Divorce Code of 1980 requires us to reexamine these decisions in light of the new enactment. *See Commonwealth ex rel Piggins v. Kifer*, 285 Pa.Super. 206, 427 A.2d 185 (1981) (custody cases decided before the enactment of the Uniform Child Custody Jurisdiction Act are no longer good law to the extent that they are inconsistent with the Act). In *Fadgen v. Lenkner*, 469 Pa. 272, 282, 365 A.2d 147, 152 (1976), our Supreme Court specifically held that when "the rationale justifying the old rule no longer finds support," the rule should be abandoned.

In reexamining our case law in light of the Divorce Code, I agree with the majority that appellate jurisdiction attaches only to "final orders," 42 Pa.C.S. § 742, and that in determining what constitutes a final order we may look for guidance to the principles set forth by the United States Supreme Court and by our Supreme Court in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Pugar v. Greco*, 483 Pa.

68, 394 A.2d 542 (1978); and *Piltzer v. Independence Federal Savings and Loan,* 456 Pa. 402, 319 A.2d 677 (1974).

Applying the standards of these cases and of *Mayle, Piggins,* and *Fadgen,* I conclude that this Court should reevaluate its holdings in cases relating to alimony pendente lite, counsel fees and costs decided before the 1980 Divorce Code became effective and should hold that neither the grant nor the denial of alimony pendente lite or interim counsel fees or costs should be subject to immediate appellate review.

As to orders awarding such interim economic relief, the new provisions of the Divorce Code authorizing equitable distribution of marital property and permanent alimony have taken away any reason to fear that funds once paid out pursuant to an interim award are unrecoverable. Denying appealability also avoids unnecessary delays in the proceedings. An appeal of an interim order stays the entire action. The delay occasioned by allowing appeals from orders awarding alimony pendente lite or interim counsel fees is particularly harmful because it would permit the party with greater resources to exhaust the resources of the party with less by taking repeated appeals. Justice is best served and harm to both parties is minimized by proceeding directly and expeditiously to a final disposition of the entire case at which a complete and fair resolution of all the economic issues may be made.

I would adopt in this Court the excellent reasoning on this issue of the Court of Common Pleas of Montgomery County in an opinion by the distinguished Judge Anita B. Brody:

> Historically Pennsylvania courts have held that an award of counsel fees made during the pendency of a divorce action was a final order and appealable. *Lynn v. Lynn,* 68 Pa.Super. 324 (1917); *Gould v. Gould,* 95 Pa.Super. 387 (1928); *Murray v. Murray,* 80 Pa.Super. 573 (1923); *Rutherford v. Rutherford,* 152 Pa.Super. 517, 32 A.2d 921 (1943); *Brady v. Brady,* 168 Pa.Super. 538, 79 A.2d 803 (1951); *Henderson v. Henderson,* 458 Pa. 97, 327 A.2d 60 (1974); *Paul v. Paul,* [281] Pa.Super. [202],

421 A.2d 1219 (1980). The reasoning of the cases is based on the theory that any money paid out was gone and irretrievable. *Lynn, supra,* 68 Pa.Superior Ct. 327, *Gould, supra,* 95 Pa.Superior Ct. 388. This rationale was developed in the early cases and has not been re-evaluated in the more recent ones. *See Henderson, supra,* 458 Pa. 96, 327 A.2d 62 and *Paul, supra,* 281 Pa.Superior Ct. 207–208, 421 A.2d 1223.

However reasonable this argument may have been when it was developed, the Divorce Code of 1980 negates it. The Divorce Code now provides, inter alia, for equitable distribution of marital property, permanent alimony and final counsel fees and costs. Thus the court now has the power to adjust the financial settlement after an award of interim counsel fees. The fact that such an award has been made will be reflected in the final order on equitable division of marital property, the alimony and the final attorneys fees and costs. Therefore money paid as interim counsel fee is not gone and irretrievable, it is essentially an advance of monies which allows both parties to proceed on an equal footing.

. . . .

Applying the *Piltzer* test it is clear that an award for interim counsel fees while the issues of divorce, alimony and equitable distribution of marital property are pending is not an order terminating the litigation or disposing of the case. Applying the three *Cohen* case criteria to an award of interim counsel fees, one and two are arguably satisfied but the third is not; because in the context of the Divorce Code of 1980, the claimed right is not irreparably lost. As previously pointed out, the trial court may consider any prior awards in making a final property distribution and any unfairness can be adjusted at that point. An appeal from the final disposition of the economic issues involved in the divorce would necessarily incorporate a review of the interim counsel fee award. Delay in review is not fatal when it does not entail loss of review.

This analysis leads to the conclusion that an award of interim counsel fees is neither a final order ending the litigation nor an exception to the final order requirement and therefore the appeal should be quashed. The equitable division of marital property and other provisions in the new Divorce Code makes inapplicable the prior theory that interim counsel fees were final because irretrievable, since an award of interim counsel fees may be reflected in the final disposition of the case. With the plethora of issues to be litigated under the Divorce Code and the concomitant increase in petitions for interim counsel fees, a contrary result would lead to delay in resolving the main issues and an undue number of piecemeal appeals from a single case.

*Walters v. Walters*, 109 Montg.Co.L.R. 465, 469–470 (1981) (appeal to Superior Court discontinued).

The courts of our sister states are badly divided over the question of the appealability of orders granting or denying interim economic relief in divorce cases. *See*, e.g., Annot., 167 A.L.R. 360 (collecting cases). Among these many decisions, though, I am most persuaded by the holding of the Supreme Court of Delaware in *Husband, de v. Wife, de*, 367 A.2d 636 (Del.1976). The Delaware court held an award of temporary alimony (comparable to alimony pendente lite), travel expenses, and counsel fees interlocutory and unappealable for several reasons which are equally applicable to proceedings in our courts under the Divorce Code of 1980:

First, temporary alimony is, by its nature and purpose, subject to modification as the circumstances of the parties change and each change would thus create a new right of appeal. And, second, in the disposition of marital property under 13 Del.C. § 1513 the Trial Court, at final hearing, can consider amounts awarded to a spouse on an interim basis. Under these circumstances, we decline to say that an order which merely directs the payment of moneys on an interim basis, and the consequences of which are subject to later consideration, determines a substantial question between the parties within the mean-

ing of the law governing appealability. In addition, marital and domestic relations litigation should proceed to prompt disposition, and an interlocutory appeal would, in most cases, thwart that objective.

*Id.* at 637–38 (footnote omitted).

The reasoning of the Montgomery County court and of the Delaware Supreme Court may be extended to orders which *deny* alimony pendente lite and/or interim counsel fees. Therefore, we should continue to hold such orders unappealable. Final awards of equitable distribution, permanent alimony, and counsel fees under the Divorce Code can compensate a party for any deficiency in the interim awards. Review is not denied but merely postponed to a more appropriate time.

Delays which would only serve to protract the litigation and increase the costs to both parties are avoided. As I have discussed above, delay in general tends to work to the advantage of the party with the greater resources. Moreover, the decision whether to award alimony pendente lite is within the sound discretion of the trial court, so our review of such interim orders is limited and we would grant relief only in those rare cases where the lower court abused its discretion. See *Cross v. Cross,* 310 Pa.Super. 124, 456 A.2d 214 (1983); *Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163 (1983). This means that an appeal will in most cases be a futile exercise and can be used as a delaying and pressuring tactic. I add that barring immediate appeals by parties who have been denied pendente lite or other interim economic relief may encourage the parties to settle the case rather than attempt to prolong the litigation endlessly at the other party's expense.

I recognize, though, that a spouse may be so lacking in resources that in the absence of an award of alimony pendente lite or interim counsel fees he or she would find it very difficult to support himself or herself and maintain or defend the divorce action. It is conceivable that in a very extreme case, the practical effect of an order denying interim relief would be to put that spouse "out of court."

*Pugar* suggests that an order with such a practical effect should be appealable. *See* 483 Pa. at 73, 394 A.2d at 545. I may be willing to entertain an immediate appeal where the aggrieved spouse is able to demonstrate that such is the case. I will not attempt to delineate the boundaries of this exception precisely in this opinion. I do emphasize, though, that I envision allowing an interlocutory appeal only when necessary to remedy a manifest abuse of discretion where one spouse is forced to become a public charge or where the legal services available to the indigent spouse are so inadequate that basic notions of due process are offended (remembering these are *civil* proceedings). Outside of such extreme cases, I would refuse all interlocutory appeals from orders granting or denying alimony pendente lite and interim counsel fees.