663 A.2d 184

**Dolores CALIBEO, Appellant,**

v.

**Joseph J. CALIBEO, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 31, 1995.

Filed July 31, 1995.

Arthur L. Jenkins, Jr., Norristown, for appellant.

David E. Wagenseller, III, Lancaster, for appellee.

Before DEL SOLE, KELLY and BROSKY, JJ.

DEL SOLE, Judge:

Dolores Calibeo appeals from the Order of October 18, 1993 entered following a hearing on her Petition For Increase Of Support Order. We affirm.

The following is a brief recitation of the procedural history in this case. The parties were married for thirty-one years and had five children. They separated in May 1987. Appellant filed a Complaint in Divorce which included a claim for support in April 1988. She filed a separate complaint for spousal support in July 1988, and on that complaint a Domestic Relations Hearing Officer recommended that Appellee pay alimony pendente lite of $200 per week. Exceptions were filed, and a hearing was held on the matter. The trial court increased the order to $500 per week. Appellee appealed to this court and was denied relief. On March 12, 1993, Appellant filed a Petition For Increase Of Support Order. A conference was held and the Domestic Relations Officer recommended that the order be increased to $712 per week to be effective as of the date of the filing of the petition. The Appellee was also required to pay an additional $20 per week on arrears. Appellee filed exceptions to this recommendation and a hearing was held. The trial court dismissed Appellee's claims and ratified the hearing officer's recommendation in all respects. Appellant then filed this appeal.[1]

Before addressing Appellant's contentions, we first raise *sua sponte* the issue of this court's jurisdiction. The trial court failed to clearly designate whether it was awarding spousal support or alimony pendente lite. In the past, this would have been important for appeal purposes. It is well

1. Although Appellant complied with the trial court's order to file a concise statement of the matters complained of on appeal pursuant to PA.R.A.P. 1925(b), the trial court failed to file an opinion.

settled that alimony pendente lite is interim relief which is interlocutory and unappealable until the final disposition of a divorce case. *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985). We have also determined that an order for spousal support, set in a divorce action, is indistinguishable from alimony pendente lite, and is interlocutory and unreviewable on appeal as well. *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319, 321 (1986). Until recently, where a an order for spousal support was entered in a support proceeding initiated by a complaint filed separately from the divorce action, the order for spousal support was a final, appealable order. *Myers v. Myers*, 405 Pa.Super. 290, 592 A.2d 339 (1991), citing *Ritter, supra*, 359 Pa.Super. 12, 16, n. 2, 518 A.2d 319, 321 n. 2 (1986).

In a prior unpublished memorandum on this case, we stated that there was some confusion regarding whether the order was for alimony pendente lite or spousal support. We concluded that the thrust of the court's action was to grant support under the Rules, instead of in relation to the divorce action, and therefore the order was final and we considered the appeal. However, since that decision, the Pennsylvania Rules of Civil Procedure have been modified. For instance, Pa.R.C.P. 1920.76 was amended on December 2, 1994, effective March 1, 1995. This Rule sets forth the basic form of a divorce decree. The new language provides that "[a]ny existing spousal support order shall hereafter be deemed an order for alimony pendente lite if any economic claims remain pending." Similarly, Pennsylvania Rule of Civil Procedure 1920.31(d) was amended December 2, 1994, effective March 1, 1995. It states that "[u]pon entry of a decree in divorce, any existing order for spousal support shall be deemed an order for alimony pendente lite if any economic claims remain pending." The Explanatory Comment to Rule 1920.31 asserts that prior to the recent changes to the Rules, spousal support could not be automatically converted to alimony pendente lite. See *McKeown v. McKeown*, 417 Pa.Super. 520, 612 A.2d 1060 (1992). But, since amended Rule 1910.16–1(a) requires that alimony pendente lite be determined pursuant to the support guidelines, the difference between alimony pendente lite and

spousal support, no matter if it is part of the divorce action or filed separately, is negligible and now neither is appealable until all claims are resolved. Under new Rule 1920.76 and 1920.31(d), pre-divorce spousal support is automatically converted to alimony pendente lite upon entry of a divorce decree.

Furthermore, the rules provide that an unallocated order for the support of a spouse and at least one child is a final order which would be appealable. 42 Pa.R.C.P. 1910.16(b). This Rule serves as a child support enforcement procedure which unfortunately has become necessary in light of the deterioration of the families in our society. We note that there is no comparable language in our Rules of Civil Procedure making an order solely for spousal support final and appealable.

Pursuant to 42 Pa.R.C.P. 52(c), an amendment to a rule is applicable to cases pending on the effective date of the amendment, unless our supreme court specifies otherwise. Because the amended Rules discussed above became effective while the present appeal was pending, they are applicable to the case before us. The record, prior to augmentation by Appellant, did not contain information that the other economic claims between the parties had been resolved. If the divorce had been entered while other economic claims were still pending, we would have determined that the spousal support automatically converted to alimony pendente lite pursuant to the new applicable rules, and the appeal would have been considered interlocutory and unappealable. But, since a divorce was entered in this case and the supplemented record now reflects that no economic claims remain to be decided, the spousal support award is deemed alimony pendente lite and will be reviewed on its merits.

When reviewing support orders, our scope of review is limited.

A trial court has broad discretion in fashioning support awards and we will not reverse its decision unless there is insufficient evidence in the record to sustain it or the trial court abused its discretion. An abuse of discretion is "more

than an error of judgment. It must be a misapplication of law or an unreasonable exercise of judgment." A finding of such abuse is not lightly made an must rest upon a showing of clear and convincing evidence. (Citations omitted).

*Brower v. Brower,* 413 Pa.Super. 48, 53, 604 A.2d 726, 729 (1992).

■ Appellant first argues that the trial court committed an error of law and abused its discretion by failing to make the order for support retroactive to the date of the filing of the Petition For Increase of Support Order which was filed on March 12, 1993. Pennsylvania Rule of Civil Procedure 1910.17(a) states that "[a]n order of support shall be effective from the date of the filing of the complaint unless the order specifies otherwise." We also note that there is a sound policy favoring retroactivity in the majority of cases, and, unless the trial court articulates specific and appropriate reasons for denying retroactive support, the support order will be made retroactive. *Crawford v. Crawford,* 429 Pa.Super. 540, 633 A.2d 155 (1993). The order of the court dated October 18, 1993 states that "the Recommended Order entered on June 3, 1993 be ratified and confirmed in all respects and particulars. Effective October 15, 1993 [the date of the hearing]." We believe that Appellant misinterpreted the trial court's order.

The Recommended Order entered on June 3, 1993 required Appellee to pay $712.00 per week to Appellant retroactive to March 12, 1993—the date Appellant filed the petition to increase support. Since the trial court's October 18, 1993 order ratified and confirmed the June 3, 1993 order in all "respects and particulars," this would include the retroactive date of March 12, 1993. If the trial court had changed the retroactivity date of the increase in support to the date of the October hearing, this clearly would have been an error as no reasons were articulated by the court justifying a nonretroactive order. In any case, it appears to this court that the trial court did not change the retroactive date of the support order, but merely specified the effective date of its new order.

■ Next, Appellant contends that the trial court erred by assigning to her a $200.00 a week earning capacity. Appellant testified at the hearing in October 1993 that she was still recuperating from a fractured ankle which occurred in June 1991. She complained that the ankle continues to cause her pain. Appellant further stated that she had surgery on the ankle in February of 1992 and has not applied for a job since that time. Appellant stated she had not been employed since shortly after the separation in 1987, and was only employed then for five weeks as a clerk at $3.50 per hour. She concluded that she could not stand on her ankle for any length of time.

Rule 1910.16–5(c)(5) of the Rules of Civil Procedure provides:

> **Income potential.** Ordinarily, a party who willfully fails to obtain appropriate employment will be considered to have an income equal to the party's earning capacity. Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity.

Appellant was fifty-seven years of age at the time of the hearing. She has a twelfth grade education and some work experience outside of the home. The record does not contain any medical evaluation which would sustain Appellant's claim that she is disabled and unable to work. Appellant admits that she has not sought employment since February 1992. Under these circumstances, an earning capacity of $200.00 per week is not an unreasonable amount to attribute to Appellant, nor is it an abuse of discretion or an error of law.

■ Finally, Appellant asserts that the trial court failed to enter a guideline support order. Appellant argues that Appellee's net income for 1992 was $116,106. Appellee estimates his earning capacity to be approximately $100,000. Ostensibly, the hearing officer determined that Appellee's total income for 1992 was $149,944 based upon his federal tax return. After deductions and exemptions totalling $46,824, Appellee's taxable income was $103,120. The support guidelines computa-

tion sheet completed by the Domestics Relations Officer indicated that Appellee's average pay period income was $1980.00 [$103,000 divided by 52]. The monthly income for Appellee is approximately $8583.00 [$1980 times 4.33 [2]]. Appellant's monthly income, based on a $200.00 earning capacity, is approximately $866 [$200.00 times 4.33]. The difference between the parties' monthly net income multiplied by 40% is $3,086. The monthly spousal support amount of $3,086 divided by 4.33 is $712 per week.

Contrary to Appellant's position, the appropriate guideline calculation was made pursuant to the formula enunciated at Pa.R.C.P. 1910.16–3. Appellant has not established that the trial court abused its discretion or erred as a matter of law.

Accordingly, the order is affirmed.

---

**2.** The number of weeks in a year divided by the number of months in a year equals 4.33.