688 A.2d 1219

**June D. SHELLHAMER, Appellant,**

v.

**Durell F. SHELLHAMER.**

Superior Court of Pennsylvania.

Submitted Dec. 9, 1996.

Filed Feb. 3, 1997.

Robert T. Ullman, Reading, for appellant.

James L. Reich, Allentown, for appellee.

Before HUDOCK and EAKIN, JJ., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

This is an appeal from an order denying appellant's claims for spousal support and alimony pendente lite. We quash the appeal.

The basic facts of the case were stated by the lower court:

The parties were married on October 1, 1960 and have no minor children. Plaintiff/Wife filed her divorce complaint asking for spousal support and alimony pendente lite on July 31, 1995, but the parties did not separate until November 20, 1995. The claims for spousal support and alimony pendente lite were subsequently denied on October 24, 1995 in an Order recommended by the hearing officer and entered by the Honorable William E. Ford. On November 1, 1995, Plaintiff filed a written demand for a full hearing, which was held before this Court on February 26, 1996. After that hearing and consideration of the evidence and testimony, this Court entered an Order dated March 18, 1996 affirming Judge Ford's Order. Plaintiff/Wife has appealed this Court's affirmance to the Superior Court.

Trial court opinion, September 4, 1996, at 1. In this timely appeal, appellant (wife) raises the following issues:

1. Did the lower court err by denying Appellant, (Wife), spousal support, when the parties stipulated that she was entitled to such?

2. Did the lower court err by ruling that Wife had not established need for alimony pendente lite based on the divorce litigation?

Before evaluating these issues, we must address a preliminary matter.

Appellee (husband) has filed a motion to quash this appeal on the basis that the order appealed from is interlocutory. Appellee asserts that appellant's claims for spousal support and alimony pendente lite were both raised in the divorce action which is currently pending, and appellant has not sought or been granted permission to file an appeal. Appellee cites *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985), in support of his position.

Appellant argues that *Fried* and other cases cited in her response to appellee's motion do not apply in this case because she has been denied *both* alimony pendente lite and spousal support. Appellant maintains that the lower court's order denies her any means of protecting her legal rights and leaves her in a position which may force her into an inequitable distribution of property. She argues that she will suffer irreparable harm if the lower court's order denying her both alimony pendente lite and spousal support is affirmed. Appellant cites *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) in support of her contention that the lower court's order is appealable.

The arguments which appellant advances have been previously addressed and rejected by the Pennsylvania Supreme Court in *Fried, supra.* Prior to *Fried,* the issue of the appealability of an order *denying* interim relief under the Divorce Code was specifically addressed by the Superior Court in *Sutliff v. Sutliff,* 326 Pa.Super. 496, 474 A.2d 599 (1984). In that case, the lower court had denied appellant/wife's request for alimony pendente lite, as well as interim counsel fees and expenses. The Superior Court analyzed the order to determine its "finality" under the factors set forth in *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949): (1) is the order appealed from separable from and collateral to the main cause of action; (2) is the right involved too important to be denied review; and (3) is the question presented such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost? *Id.* at 546, 69 S.Ct. at 1226, 93 L.Ed. at 1536. *See also Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978).

The court in *Sutliff* determined that the lower court's order denying appellant's claims for alimony pendente lite and interim counsel fees was separate from the main cause of action in divorce, thus meeting the first requirement of *Cohen. Sutliff,* 326 Pa.Super. at 499–500, 474 A.2d at 600. The *Sutliff* court found that the traditional important functions of alimony pendente lite and interim counsel fees were magnified by the

"increased complexity of the 1980 Divorce Code," and thus the second *Cohen* requirement was met. *Id.* at 501, 474 A.2d at 601. As to the third *Cohen* factor, the *Sutliff* court found that

> it is during the period of [divorce] litigation, while the suit is pending in the lower court that the need for alimony, counsel fees and expenses is greatest and, indeed, vital. It is a belated remedy to award [him or] her a lump sum in case of reversal on appeal of the order denying ... alimony or awarding ... an inadequate amount. Then the record in the divorce suit has been made in the Common Pleas with all the damage to [his or] her case which the temporary denial of alimony, counsel fees and expenses may have caused.

*Id.,* citing Freedman, *Law of Marriage and Divorce in Pennsylvania.* The *Sutliff* court noted that "the improper denial of alimony pendente lite, counsel fees and expenses may result in a loss of the dependent spouse's rights no less permanent and no less valuable than the money which may be paid by an independent spouse under an order granting such relief." *Sutliff,* 326 Pa.Super. at 501, 474 A.2d at 601. The court thus concluded that the third requirement of *Cohen* was met, and that the lower court's order denying alimony pendente lite and interim counsel fees was a final, appealable order.

Judge Beck wrote a dissenting opinion in *Sutliff* in which she found that orders either granting or denying interim relief should not be appealable in light of the Divorce Code of 1980. As to awards of such relief, Judge Beck wrote that the provisions of the 1980 Divorce Code authorizing equitable distribution of marital property and permanent alimony "have taken away any reason to fear that funds once paid out pursuant to an interim award are unrecoverable." *Id.* at 504, 474 A.2d at 603 (Beck, J., dissenting). She also determined that the denial of such relief would avoid "unnecessary delays in the proceedings." *Id.* Judge Beck recognized that a spouse may be "so lacking in resources" that a denial of interim relief would make it "very difficult" for that spouse to support himself/herself and to maintain or defend the divorce action. *Id.* at 507, 474 A.2d at 604–05 (Beck, J., dissenting). In an

extreme case, such as where that spouse was forced to become a public charge or "where the legal services available to the indigent spouse are so inadequate that basic notions of due process are offended," Judge Beck envisioned "allowing an interlocutory appeal" from an order denying interim relief under the Divorce Code. *Id.* at 507–08, 474 A.2d at 605 (Beck, ·J., dissenting).

The Pennsylvania Supreme Court overruled *Sutliff* in *Fried v. Fried, supra.* In *Fried,* the lower court made an award to wife of interim counsel fees and expenses, and husband appealed. The court in *Fried* applied the *Cohen* factors, and considered the finality of orders both granting and denying interim relief under the Divorce Code. *Fried,* 509 Pa. at 94, 501 A.2d at 214. The *Fried* court agreed with the *Sutliff* majority that such orders met the first two requirements of *Cohen. Id.* at 94–95, 501 A.2d at 214. With respect to the third factor, the *Fried* court found the dissenting opinion of Judge Beck in *Sutliff* persuasive. *Id.* at 95, 501 A.2d at 214. The *Fried* court adopted Judge Beck's reasoning that under the Divorce Code of 1980, the provisions therein relative to equitable distribution and permanent alimony have removed any reason to fear that sums paid under an interim relief order would be unrecoverable. *Id.* at 96, 501 A.2d at 215. The court noted that under the Divorce Code, the court has the power to make adjustments in the final marital settlement under the permanent alimony and equitable distribution provisions. The *Fried* court also emphasized that an appeal of an interim order results in piecemeal litigation and unnecessary delay in the resolution of divorce proceedings. *Id.* at 97, 501 A.2d at 215. The court concluded that "strong policy considerations support our holding today that such orders issued pursuant to section 502 [1] of the Divorce Code are interlocutory and therefore unappealable." *Id.* at 97, 501 A.2d at 215.

1. Section 502 of the Divorce Code, now codified at 23 Pa.C.S.A. § 3702, provides:

### § 3702. Alimony pendente lite, counsel fees and expenses

In proper cases, upon petition, the court may allow a spouse reasonable alimony pendente lite, spousal support and reasonable counsel fees and expenses. Reasonable counsel fees and expenses

Justice Zappala wrote a dissenting opinion in *Fried* in which he noted that the presumptions on which the majority based its opinion were flawed. Those presumptions are that a spouse who was improperly denied interim relief under the Divorce Code would be entitled to permanent alimony, and that there would be sufficient marital property from which that spouse could recoup his or her loss. *Id.* at 98–99, 501 A.2d at 216 (Zappala, J., dissenting). Justice Zappala found these "court-created presumptions" to be "contrary to the economic realities of most divorces." *Id.* at 99, 501 A.2d at 216 (Zappala, J., dissenting). Further, he was of the opinion that the practical effect of the majority's decision was "that a spouse wrongfully denied alimony pendente lite will be unable to maintain or defend the divorce action," and thus the purpose of such relief would be "thwarted." *Id.* at 100, 501 A.2d at 217 (Zappala, J., dissenting). Despite these concerns, the majority holding in *Fried* has been the law since 1985, and since that time, orders *granting* or *denying* interim relief under the Divorce Code have been unappealable.[2]

The instant case concerns the denial of spousal support as well as alimony pendente lite. In *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319 (1986), the Superior Court determined that alimony pendente lite and spousal support "are indistinguishable in the context of a divorce action." *Id.* at 16, 518 A.2d at 321. Therefore, the court concluded that it was "without jurisdiction to entertain" an appeal from an award of spousal support while the divorce action was still pending. In *Calibeo v. Calibeo*, 443 Pa.Super. 694, 663 A.2d 184 (1995), the court noted that under the Rules of Civil Procedure, there was no difference between an order of alimony pendente lite and an order of spousal support, regardless of how the spousal

may be allowed pendente lite, and the court shall also have authority to direct that adequate health and hospitalization insurance coverage be maintained for the dependent spouse pendente lite.

*Id.*

2. The *Fried* court noted that prior to *Sutliff*, orders denying interim divorce relief were held to be interlocutory and unappealable. *Fried v. Fried*, 509 Pa. at 96, 501 A.2d at 215, citing, *inter alia, Morelli v. Morelli*, 316 Pa.Super. 54, 462 A.2d 789 (1983); *Hanson v. Hanson*, 177 Pa.Super. 384, 110 A.2d 750 (1955).

support claim was initiated (by separate complaint or as part of the divorce complaint). *Id.* at 698–99, 663 A.2d at 185.

The decision in *Calibeo* was affirmed by a majority of the Superior Court, sitting *en banc*, in *Leister v. Leister*, 453 Pa.Super. 576, 684 A.2d 192 (1996)(*en banc*). The *Leister* court re-emphasized the holding of the Pennsylvania Supreme Court in *Fried, supra*, as well as the concept that alimony pendente lite and spousal support are "indistinguishable in the context of a divorce action." *Id.* at 581, 684 A.2d at 195, quoting *Ritter v. Ritter, supra.* The *Leister* court also found that in "the rare case where a question arises in a spousal support award which a party believes is of sufficient significance to warrant an immediate appeal under the criteria set forth in Chapter 13 of the Rules of Appellate Procedure, (interlocutory appeals by permission) then that party may make a request for immediate review." *Id.* at 582, 684 A.2d at 195. The court concluded that "a spousal support order entered during the pendency of a companion divorce action is not appealable until all claims connected with the divorce action are resolved." *Id.* at 582, 684 A.2d at 195.[3]

Appellant in the instant case claims that the *Ritter* and *Calibeo* line of cases dealing with the appealability of spousal support orders are distinguishable from this case because those cases involved awards of spousal support while the instant case involves the denial of it. However, in light of *Fried*, which specifically overruled *Sutliff*, we cannot agree. The *Fried* court's analysis and specific holding, along with the subsequent Superior Court decisions recognizing that spousal support must be treated the same as alimony pendente lite, require us to find that the order in the instant case is not appealable.

The Rules of Appellate Procedure relating to the requirements of an appealable order also support our conclusion. Under those rules, a final, appealable order is one which:

---

**3.** Two judges filed dissenting opinions in *Leister*, Judge Johnson and Judge Tamilia. President Judge McEwen concurred in the result of Judge Johnson's dissenting opinion, and Judge Tamilia joined it. Judge Schiller joined Judge Tamilia's dissenting opinion.

(1) disposes of all claims or of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subsection (c) of this rule.

Pa.R.A.P., Rule 341(b), 42 Pa.C.S.A. Subsection (c) of the rule provides that where more than one claim for relief is presented in an action, or when multiple parties are involved, the trial court may enter a final order as to fewer than all claims or parties "only upon an express determination that an immediate appeal would facilitate resolution of the entire case." *Id.*, Rule 341(c). "In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims or parties shall not constitute a final order." *Id.*

In the instant case, the order denying appellant's request for spousal support and alimony pendente lite does not dispose of all of the claims involved in this action. Although the record is incomplete,[4] both parties indicate in their appellate briefs that appellant's claims for support and alimony pendente lite were filed as part of the divorce complaint. It is apparent from the notes of testimony of the hearing of February 26, 1996 that the parties' divorce was still pending and that the parties' economic claims in divorce had not been adjudicated. Thus, the trial court's order denying appellant's requested interim relief did not dispose of all the claims connected to this action.

We conclude that under the present state of the law, the order in question is not a final, appealable order. Appellant did not avail herself of the procedure for appeal provided in Rule 341(c), *supra.* Thus, we must quash the appeal.

Appeal quashed.

4. The record does not contain a copy of the divorce complaint. It is the appellant's responsibility to ensure that the appellate court has a complete record before it. *Fiore v. Oakwood Plaza Shopping Center, Inc.*, 401 Pa.Super. 446, 585 A.2d 1012 (1991).