IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARSHALL MILLER,[1] | § | |
| | § | No. 275, 2021 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Family Court |
| | § | of the State of Delaware |
| KATE MILLER, | § | |
| | § | File No. CK21-01097 |
| Petitioner Below, | § | Petition No. 21-17209 |
| Appellee. | § | |
| | § | |

Submitted: September 28, 2021
Decided: September 29, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

After careful consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) The appellant, Marshall Miller (the "Husband"), filed this appeal from a Family Court decision, dated August 10, 2021, granting a motion for interim alimony filed by the appellee, Kate Miller (the "Wife"). On September 7, 2021, the Senior Court Clerk issued a notice directing the Husband to show cause why his appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an interlocutory order.

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2)     The Husband filed a response to the notice to show cause on September 20, 2021.  The response appears to be a copy of a petition he filed in the Family Court, asking the Family Court to set a new hearing date on the Wife's motion for interim alimony.  The response does not address the interlocutory nature of the appeal or the Husband's failure to comply with Rule 42.[2]

(3)     An order constitutes a final judgment when it "leaves nothing for future determination or consideration."[3]  The Family Court's August 10, 2021 order is interlocutory because it awarded the Wife alimony on an interim basis pending the outcome of the parties' divorce petition.  The Husband may appeal the August 10, 2021 order after the Family Court issues a final order in the case.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED without prejudice.  The filing fee paid by the Husband will be applied to any future appeal he files from a final order entered in the case.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *See Husband v. Wife*, 367 A.2d 636, 637 (Del. 1976) (holding that an order awarding interim alimony is an interlocutory order for appeal purposes).
[3] *Werb v. D'Alessandro*, 606 A.2d 117, 119 (Del. 1992).